December 1, 2021

Honorable Magistrate Judge Nathaniel M. Cousins
United States District Court Northern District of California
San Jose Courthouse, Courtroom 7, 4th Floor
280 South 1st Street, San Jose, CA 95113

Re:     *Applied Materials, Inc. v. Demaray LLC*, 20-cv-09341-EJD (N.D. Cal.)

Dear Judge Cousins,

Declaratory judgment plaintiff Applied Materials, Inc. ("Applied") and defendant Demaray LLC ("Demaray") submit this joint letter regarding Applied's notice of deposition of Dr. Demaray. Applied moves to compel Demaray to make Dr. Demaray available for deposition in this case without further delay. Demaray believes that this issue is properly brought before Judge Davila as it involves issues to be addressed as part of the pending Case Management process. The parties have met and conferred over teleconference and in writing, but were unable to resolve their dispute without Court intervention. To the extent that the Magistrate decides to address the issue, the parties are available for a hearing on Wednesday, December 15, 2021 subject to the Court's availability on its Civil Law & Motion calendar for that day.

## Plaintiff Applied Materials, Inc.'s statement

Four days after this Court denied-in-part Demaray's motion to dismiss, finding it "appropriate to exercise jurisdiction over Applied's claim for declaratory relief" in view of "the potential impact of the resolution of this case could have on Demaray's suits against Applied's customers," Dkt. 63, 14:11–14, Applied served Demaray with a deposition notice of Dr. R. Ernest Demaray for October 7, 2021. Dr. Demaray is (1) one of the few individuals with personal knowledge of negotiations for the license provision central to Applied's noninfringement claim based on the license, (2) a named inventor of the patents-in-suit, (3) founder and principal of Demaray LLC, the current assignee of the patents, and (4) identified by Demaray in its Rule 26 disclosures.

Demaray does not dispute that Dr. Demaray's testimony is relevant to this dispute, but has refused to make him available for deposition separately in ***this*** case, asserting that he will only be deposed ***once*** in a joint deposition across three separate suits against three separate parties—Applied's suit here and Demaray's two customer suits against Intel and Samsung in the Western District of Texas. But those customer suits involve different parties and issues, including invalidity and alleged damages sought from Intel and Samsung irrelevant to this case. Demaray's attempt to curtail Applied's rights under the Federal Rules so that Demaray can gain a tactical advantage by limiting deposition time of its key witness is unreasonable and not supported by legal rule or authority. Applied moves to compel Dr. Demaray's deposition separately in ***this*** case without further delay.

### A.  Background

On September 16, 2021, this Court denied-in-part Demaray's Rule 12 motion to dismiss for lack of subject matter jurisdiction. Dkt. 63, 10:19–21. This Court held: "Given the affirmative acts and the potential impact of the resolution of this case could have on Demaray's suits against Applied's customers, the Court finds it appropriate to exercise jurisdiction over Applied's claim for declaratory relief." *Id.* at 14:11–14. In denying-in-part Demaray's motion, the Court rejected a key

contention by Demaray, holding that a disputed license provision was "not dependent on the validity of the assignment provisions" previously found invalid in an earlier case. Dkt. 63, 18 n.6.

Four days later, on September 20, Applied served Demaray with a deposition notice of its principal, Dr. Demaray, for October 7, 2021. With the notice, Applied indicated that it "intend[ed] to move for summary judgment of non-infringement based on its license pursuant to the SRA Amended Exhibit C," and sought for disputed facts on the parties' intent to be "flushed out in short order."

But Demaray refused to make Dr. Demaray available for deposition. Instead, Demaray made conclusory objections based on alleged "duplicative discovery" here and in the WDTX cases, and asserted—without citation to any rule or authority—that "Dr. Demaray will only be provided for deposition once for both jurisdictions and will not be made available for a second deposition."

### B. Argument

1. The Court should compel Dr. Demaray's deposition specific to *this* action

Rule 30 states: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." None of those exceptions apply to Dr. Demaray, nor has Demaray contended that leave is required. Instead, Demaray's refusal is grounded in an effort to deploy procedural mechanisms to prejudice Applied, Intel, and Samsung—by forcing them to waive their own rights under the Federal Rules to depose Demaray's key party witness in their respective cases and instead share a single deposition with other parties in different cases involving different allegations and claims. No Federal or local rule encourages such prejudice.

Demaray justifies its refusal by vague assertions of "duplicative discovery" and identification of one common claim among the three cases. This does not override the parties' rights to deposition of relevant witnesses to their respective cases under the Federal Rules. Indeed, courts in this district have recognized the prejudice inherent in forcing different parties in different cases to a joint deposition of a key witness, even where there is allegedly "considerable overlap" in the cases, and rejected motions for protective orders seeking to force such joint depositions. *See S.E.C. v. Berry*, No. 07-cv-3798-JW-HRL, 2009 WL 2079420, at *3 (N.D. Cal. July 14, 2009).

In *Berry*, the court determined the alleged "overlap" of allegations did not provide good cause to force a joint deposition, as the common witness' testimony "would not be identical in both actions," and could "serve different functions and may elicit different types of questions and responses, even for matters" common to both parties. *Id.* Further, the court was "not convinced" a joint deposition would improve efficiency, as it would "likely add unnecessarily to the complexity of the deposition and only increase disputes." *Id.*

Here, Demaray has not even moved for protective order, much less provided good cause to force a joint deposition. There can be no serious dispute that Dr. Demaray's testimony will differ between each of the three cases, and given the severe prejudice to each defendant, Demaray's position has already resulted to increase disputes tied to its attempted procedural gambit.

Finally, Demaray's suggestion it "intends to abide by" Judge Davila's resolution of this dispute "once he does so" as part of the CMC process is but another transparent effort to delay this case from moving forward. Judge Davila, through his courtroom deputy, already referred the dispute to Your Honor in a November 18, 9:23 AM email. Demaray also ignores that it already advocated for a continued stay of discovery in the parties' October 6, 2021 updated CMC statement, Dkt. No. 69, 10:7-11:26, but on October 15, 2021, Judge Davila issued an order confirming that the

discovery stay was lifted and "the case will move forward". Dkt. No. 80, 3:1-2. Despite this order, Demaray now imposes its own stay on the flawed logic that until the Court holds a further CMC or enters a case schedule, it does not need to comply with deadlines. In its latest effort to excuse its non-compliance with case deadlines, Demaray suggests the Court hold the CMC on February 17, 2022, two-and-a-half months from now, effectively granting itself the stay that the Court already rejected in its October 16, 2021 order until that time. Dkt. No. 85, 4:25-5:6.

### 2. The Court should sanction Demaray under Rule 37(a)(5)(A)

Applied respectfully requests the Court to require Demaray to pay Applied's reasonable expenses in bringing this dispute under Rule 37(a)(5)(A), as Demaray's refusal to make Dr. Demaray available for deposition cannot be substantially justified. *See Int'l Petroleum Prod. & Additives Co., Inc. v. Black Gold S.A.R.L.*, No. 19-cv-3004-YGR-RMI, 2020 WL 4673947, at *5 (N.D. Cal. Aug. 12, 2020) (sanctions appropriate where party provides "no authority" to support its position).

### C. Applied's proposal

Applied noticed Dr. Demaray's deposition more than two months ago. In an effort to compromise and obtain relief without Court action, Applied offered Demaray flexibility on Dr. Demaray's deposition date. Applied is willing to work with Dr. Demaray to find a convenient date for his deposition within the next 30 days. But Applied cannot waive its rights for its own deposition of Dr. Demaray's specifically for this case. Applied's motion should be granted and Dr. Demaray should be compelled to sit for deposition solely for ***this*** case without further delay.

### Defendant Demaray LLC's Statement

Applied does not contest that the parties raised, among other issues, their dispute regarding the need to coordinate discovery in this case and the WDTX cases (including specifically the deposition of Dr. Demaray) with Judge Davila in their Joint CMC Statement submitted to the Court just three weeks ago. *See* Dkt. 80, 9-12. Judge Davila has not had the opportunity to weigh in on the issues raised and Applied's attempt to circumvent his consideration and have the issues addressed piecemeal through this unnecessary motion to compel contravenes the very purpose of robust disclosures in the CMC process. *See* Civil L.R. 16-9. Demaray respectfully submits that the issue of whether duplicative depositions of Dr. Demaray are warranted should be resolved as part of the CMC process as provided for in the Local Rules. Even if the Magistrate choses to address the issue before Judge Davila rules, the efficiency requirements under the Federal Rules of Civil Procedure weigh in favor of a single, coordinated deposition of Dr. Demaray after Applied has produced relevant discovery and appropriate 30(b)(6) designations have been made.

### A. Background

Demaray is a technology company founded for research and development of new product applications based on technologies developed by Dr. Ernest Demaray, including the novel thin-film reactor configurations claimed in the two patents at issue here. In July 2020, Demaray filed complaints against Intel and Samsung, in the Western District of Texas alleging that their use of specific reactor configurations infringes the two Demaray patents. In the WDTX cases, general discovery opened in June 2021, is set to close in March 2022, and trial is set for July 2022. A month after Demaray filed the WDTX cases, Applied filed its third-filed declaratory judgment complaint on the same two patents in Case No. 5-20-cv-05676 ("*Applied I*") to come to the aid of its customers, Intel and Samsung. *Applied I*, Dkt. 13, ¶1 ("Demaray's lawsuits against Applied's customers have placed a cloud over Applied's products …."). After motion practice, Judge

Davila found that Applied lacked of subject matter jurisdiction (Dkt. 47) and Applied dismissed the *Applied I* case (Dkt. 61). Desperate to have a court other than WDTX adjudicate the Intel/Samsung infringement issues, including their licensing defenses, Applied filed its newest complaint ("*Applied II*") on substantially the same grounds as in *Applied I*. Given the obvious jurisdictional questions, Judge Davila chose not to enter a case schedule in this case and stayed discovery pending resolution of Demaray's then anticipated motion to dismiss. *See Applied II*, Dkt. 49-1 (CMC Tr., 5:18-6:2).

After denying-in-part Demaray's motion to dismiss (Dkt. 63), on October 15, Judge Davila lifted the discovery stay and instructed the parties to submit an update Joint CMC Statement (Dkt. 80). The parties' responsive updated CMC Statement filed just three weeks ago outlines, among other issues, the parties' positions on Applied's demand for immediate, duplicative discovery in this case as will be required in the WDTX cases (Dkt. 82 (CMC Stmt., 9-12)), including specifically the immediate deposition of Dr. Demaray (*id.* at 12 ("Applied's demand to expedite Demaray and third party depositions in this case confirms that Applied's goal is not efficiency.")). Judge Davila has not yet scheduled a further CMC conference or addressed the parties' dispute regarding the need to coordinate discovery, *e.g.,* to minimize burdens.

### B. Argument

Applied does not contest that the parties have properly raised their dispute regarding the need to coordinate discovery in this case and the WDTX cases with Judge Davila as part of the CMC process (*see* Dkt. 80, 9-12) and that he has not yet weighed in. Once he does so, Demaray intends to abide by his orders. Applied's attempt to circumvent his consideration and have this issue resolved in isolation separate from the intertwined issues raised in the CMC process is improper. Demaray respectfully submits that the issue of whether duplicative depositions of Dr. Demaray are warranted should be resolved as part of the CMC process as provided for in the Local Rules.

Applied's characterization and reliance on an *ex parte* email exchange with Judge Davila's courtroom deputy is misleading and improper. Judge Davila's courtroom deputy did not evaluate this issue or direct Applied to file this motion with the Magistrate, but simply informed Applied that discovery motions would generally be addressed by the Magistrate. As this issue involves CMC issues already before Judge Davila, he should be given the opportunity to weigh in. Applied's complaint regarding the timing of a further CMC fares no better given that Applied refuses to submit a joint request for a further CMC to the Court. *See* Civil L.R. 16-10(c).

Applied's argument that Demaray should be sanctioned under Rule 37 for not clogging Judge Davila's docket with a duplicative motion for a protective order in response to the Demaray subpoena ignores a host of issues. First, as noted above, this issue is properly before Judge Davila as part of the CMC process as outlined in the Civil Local Rules—this is nothing like *Int'l Petroleum,* where there was "no authority" for a party's position. Second, Applied served its deposition notice on September 20, three weeks **before** Judge Davila lifted the discovery stay. If anything, Applied's needless motion raising issues already properly before Judge Davila should be addressed.

Even if the Magistrate were to hear Applied's motion instead of Judge Davila (he should not), the motion should be denied. Subjecting Dr. Demaray to duplicative depositions in the WDTX cases and here would be extremely prejudicial. Demaray LLC is a small company with limited resources conducting ongoing research and development and Dr. Demaray is the primary

researcher. Burdening him with multiple, duplicative depositions is uncalled-for. In addition, Applied has not produced documents relating to Dr. Demaray in this matter and he is likely to be a Rule 30(b)(6) designee for Demaray. Ordering his deposition before Applied's productions and Demaray's 30(b)(6) designations will only raise additional issues. Notably, Applied presents no reason why it cannot take a joint deposition once before the March 9, 2022 discovery deadline in the WDTX cases—after Applied produces documents and serves a 30(b)(6) notice. Applied argues it needs an immediate deposition based on its desire to bring an early summary judgment motion on its license defense. This issue is also before Judge Davila as part of the CMC process (Dkt. 82 at 7-8 ("Applied's contemplated motion is baseless, premature, and would be a waste of judicial and party resources.")) and reinforces that this issue should not be addressed piecemeal.

Applied's position that the WDTX cases and this case will not involve the same issues as here is a dramatic about-face from what it has repeatedly told this Court *e.g.,* when it argued "resolution of this action will prove dispositive of the majority—if not all—of the issues in the customer suits, including by resolution of Applied's technical non-infringement claims, non-infringement claim based on a license …." Dkt. 47, 17. The facts are that: (1) Applied's counsel here is also representing Intel, Samsung and Applied in the WDTX cases; (2) Intel/Samsung are coordinating their WDTX defenses with Applied and have raised the same non-infringement and licensing defenses; and (3) the issues on which Dr. Demaray could offer testimony (*i.e.,* the negotiations underlying the alleged license, the Demaray patents (*e.g.,* conception/reduction to practice, ongoing use) are the same for each case. With regard to Dr. Demaray, the need for a deposition here and in WDTX appears entirely duplicative.

Applied's argument that there are "different parties" ignores that Applied is a third-party in WDTX in name only. Applied has voluntarily appeared in those actions, produced documents on behalf of the Texas defendants in WDTX, and has participated in half a dozen motions to compel with the WDTX defendants. Applied also points to "invalidity and alleged damages sought from Intel and Samsung," but Intel and Samsung have joined Applied's instituted IPRs against the Demaray patents and will be estopped from challenging validity in WDTX, just like here. Regarding damages, Dr. Demaray will have little, if any, relevant knowledge regarding Intel's/Samsung's damage amounts and, as outlined in the Joint CMC Statement (Dkt. 82 at 4-6), there is still a potential damages claim against Applied here.

Applied's cited case, *S.E.C. v. Berry*, does not lead to a different conclusion and actually supports a coordinated deposition. In *Berry,* the court acknowledged that "efficiency is a factor to consider when balancing good cause" for ordering joint depositions. 2009 WL 2079420, at *3. The court, however, refused to order joint depositions because (1) the deposition had been requested "nearly two years" prior (*id.* at *2) and (2) the deposing parties were "adverse parties (the SEC and Schroeder)," which would "add unnecessarily to the complexity of the deposition" (*id.* at *3). Here, (1) the discovery stay was lifted less than a month ago and Judge Davila is expected to address the issues raised in the requested Joint CMC statement forthwith, so there is no burdensome delay and (2) Applied admits that its interests and those of its customers Intel/Samsung are aligned, so a joint deposition will not introduce needless complexity.

### C. Demaray's proposal

As called for under the Civil Local Rules, Judge Davila should address the issue of coordination of overlapping discovery as part of the pending CMC process. Once he does so, Demaray intends to abide by his guidance.

Respectfully submitted,

/s/ *Philip Ou*

Philip Ou

of PAUL HASTINGS LLP

Counsel for Plaintiff
Applied Materials, Inc.


Respectfully submitted,

/s/ *C. Maclain Wells*

C Maclain Wells

of Irell and Manella LLP

Counsel for Defendant
Demaray LLC