UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC., <br>     Plaintiff, <br> v. <br> DEMARAY LLC, <br>     Defendant. | Case No. 20-cv-09341 EJD (NC) <br><br> **ORDER RE: DISCOVERY DISPUTES** <br><br> Re: ECF 67, 83, 86 |

Presented to the Court in this multi-venue patent case are three discovery disputes: Demaray's motion to stay pending inter partes review (ECF 67); Applied's motion to compel compliance with patent local rules (ECF 83); and Applied's motion to compel the deposition of Dr. Demaray (ECF 86). Discovery in this venue of the case has been referred to me generally and two of the motions were expressly referred to me by the trial judge, District Court Judge Edward J. Davila. ECF 87. Not decided here but presented to Judge Davila is a separate motion in which Demaray requests a case management conference. ECF 92. I held a hearing earlier today on the discovery disputes and now rule.

1.  Demaray's Motion to Stay: Denied

Applied filed for inter partes review of the two patents-in-suit and the PTO has instituted two of those petitions. Demaray now moves to stay this case pending the completion of the IPR review, arguing that a stay would be efficient, practical, and fair. Applied, on the other hand, argues against a stay because it would be placed at an unfair tactical disadvantage here and in the companion cases in the Western District of Texas where Demaray is suing Applied's customers Intel and Samsung on the same patents.

Courts have inherent power to manage their dockets, including the discretion to stay a case pending concurrent Patent Office proceedings. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In considering a stay, courts generally consider three factors: (1) the stage of the case; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014).

Here, the case is at an intermediate stage. Judge Davila earlier this year denied in part Demaray's motion to dismiss (ECF 63) and then granted Applied's motion to lift the stay of discovery (ECF 80). He indicated that this Court has subject matter jurisdiction and that the case should proceed forward. A stay during IPR might simplify the issues in question and streamline the trial, so the first two factors are in favor of a stay. But a stay would unduly prejudice and present an overwhelming tactical disadvantage to Applied.

I find that this stay request is comparable to *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-cv-671-EJD, Dkt. No. 174, 2012 WL 6003311, at *3 (N.D. Cal. Nov. 30, 2012). There, Judge Davila denied a stay pending IPR where the motion revealed "a tactical attempt 'to delay or stop this action in favor of [another action].'" 2012 WL 6003311, at *3. Similarly here, Demaray's stay request would allow its customer suits in Texas to proceed.

The timing of Demaray's stay motion also reveals gamesmanship. Demaray, like

the patentees in Xilinx, made this stay request after this Court denied a motion to dismiss for lack of subject matter jurisdiction. Demaray also makes its request here after it: (1) successfully opposed Applied's customers' requests to defer a scheduling order in deference to Applied's manufacturer suit; and (2) the WDTX court denied motions to transfer and the Federal Circuit denied petitions for writs of mandamus.

Balancing all these considerations, I deny Demaray's motion to stay.

2. Applied's Motion to Compel Compliance with the Patent Local Rules: Granted in Part

Next, Applied moves to compel Demaray's compliance with the Patent Local Rules of the Northern District of California. ECF 83; ECF 98 (updated proposed order). A motion to compel compliance with the rules should not be necessary. The rules direct an orderly process for patent cases and have been battle-tested through thousands of cases. Demaray responds that it is awaiting a case management conference with Judge Davila and has moved to stay the case, so is not in procedural default. ECF 90. Demaray essentially has granted itself a further stay of the case even after Judge Davila ordered an end to the discovery stay on October 15, 2021. ECF 80. Applied's motion is therefore granted in part. Both parties must comply with the Patent Local Rules. This requires communication and cooperation. The parties are ordered to confer and file an updated joint case management statement by December 22, 2021, setting forth their case management plan(s) for Judge Davila. I do not adopt the unilateral case schedule proposed at ECF 98 by Applied.

3. Applied's Motion to Compel Deposition of Dr. Demaray: Granted.

Finally, Applied moves to compel the deposition of inventor Dr. Demaray. ECF 86. With the stay denied and discovery ordered to proceed, there is little reason given, and no persuasive burden shown by Dr. Demaray to preclude this important deposition. Applied's motion is granted and Dr. Demaray must be deposed by January 21, 2022.

No fees or costs are awarded.

**IT IS SO ORDERED.**

Dated: December 15, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge