UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>DEMARAY LLC,<br><br>   Defendant. | Case No. 20-cv-09341-EJD (NC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: ECF 116, 118, 120, 123–125, 127, 128, 130, 131, 134, 135, 139 |

On referral from Judge Edward J. Davila are several discovery disputes between Plaintiff Applied Materials, Inc. and Defendant Demaray LLC in this patent infringement case. The Court addresses each outstanding matter, as identified in the most recent case management statement at ECF 151, in turn.

**I. ECF 118: DEMARAY'S "TARGETED" DISCOVERY**

On January 20, 2022, the parties filed a joint discovery letter brief regarding Demaray's request for "targeted" discovery from Applied to allow Demaray to determine whether or not to bring an affirmative infringement claim. ECF 118. Demaray asks the Court to order Applied to provide "targeted" disclosures sufficient to detail:

> "(1) Applied reactors with DC power to the target and RF bias to the substrate (including the reactor configurations, power sources, magnetron usage, and heating elements), (2) the details of any RF filters or alternative protective mechanisms used (including the type of RF filter/alternative protective

> mechanism, the operating frequency, and the attenuated bandwidth, (3) the details on Applied's use of such reactors (including the targets and substrates used and thin-films deposited), (4) Applied's interactions with its customers regarding the same (*e.g.* to address indirect infringement issues), and (5) Applied's importation and exportation to reactors and chamber parts sufficient to address Applied's activities abroad (*e.g.* under 35 U.S.C. § 271(f))."

*Id.* at 2 (citing ECF 106 at 11–13).

In response, Applied recounts the discovery it has already provided relevant to each of Demaray's five requests. ECF 118 at 4–5. Applied concludes that the discovery it has already provided is sufficient for Demaray's needs and supports this conclusion by referencing Judge Davila's comment that Demaray could easily have asserted a claim for direct infringement against Applied based on the same underlying circumstances as Demaray's suit against Applied customers–Intel and Samsung–in Texas. *Id.* at 3–4.

Because Demaray has not demonstrated how the information Applied has already supplied is insufficient, the Court DENIES Demaray's request for "targeted" discovery.

## II.   ECF 120: DEPOSITION OF ERNEST DEMARAY

On January 24, 2022, the parties filed a joint discovery letter brief regarding Applied's requested deposition of Dr. R. Ernest Demaray. ECF 120. On July 12, 2022, the Court ordered the parties to confer and file a joint status update on the deposition of Dr. Demaray by July 19, 2022. ECF 154. Accordingly, the Court DEFERS ruling on this discovery dispute until the parties file their joint update.

## III.   ECF 123, 124, 125: PROTECTIVE ORDER

On January 27, 2022, the parties filed a joint discovery letter brief regarding their dispute over language in ¶ 5 of their proposed protective order. ECF 124. The next day, they filed a corrected discovery letter brief, which the Court now addresses. *See* ECF 125. The disputed proposed protective order was filed at ECF 123.

In the brief, Applied asserts that the heightened "OUTSIDE COUNSEL EYES ONLY – SOURCE CODE" provision should be applied to its design files because "for a semiconductor manufacturing equipment company like Applied, design files such as schematics are akin to a software company's proprietary source code." ECF 125 at 1–3.

2

1 In support of its argument, Applied relies heavily on the Western District of Texas court's
2 denial of Demaray's request to exclude design files and schematics from the heightened
3 category. *Id.* However, this Court is not bound by the Western District of Texas court's
4 ruling on the protective order in that case.

5 Considering the arguments presented by the parties here, the Court finds that
6 heightened provision is unnecessarily burdensome. In its argument, Applied incorrectly
7 places the burden on Demaray to "identify any undue burden associated with treating
8 Applied's design files and schematics under the same protections that a party would treat
9 source code in a software case." ECF 125 at 2. In fact, the party seeking to protect a
10 specific document bears the burden of showing that specific prejudice or harm will result if
11 protection is not granted. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130
12 (9th Cir. 2003). Applied has not explained why the less restrictive "OUTSIDE COUNSEL
13 EYES ONLY" designation is insufficient to protect its files. Thus, the Court DENIES
14 Applied's request for a heightened designation for design files and GRANTS the
15 protective order as filed at 123-1 without the bold and bracketed language at lines 11–13.

## IV.  ECF 127, 128, 130, 131, 134: DEMARAY'S DISCOVERY LETTER BRIEF REQUEST TO AMEND

18 On February 7, 2022, Demaray filed a discovery letter brief requesting to amend its
19 Answer to add an infringement claim. ECF 127. Applied opposed Demaray's brief on
20 procedural and substantive grounds and moved to strike it. ECF 128; ECF 130. On March
21 10, 2022, Demaray withdrew its brief, thereby rendering Applied's motion to strike and
22 motion to shorten time, at ECF 131, moot. ECF 134. Accordingly, the Court confirms
23 that ECF 127, 128, 130, 131, and 134 are RESOLVED.

## V.  ECF 116, 135, 139: CASE SCHEDULING

25 On December 2, 2021, Judge Davila referred the parties' case schedule disputes to
26 the Court. ECF 87. On December 15, 2021, the Court ruled that the Patent Local Rules
27 apply to this case and ordered the parties to file proposed case schedules. ECF 101. On
28 January 14, 2022, the parties submitted alternative case schedules. ECF 116.

On March 12, 2022, Demaray filed a discovery letter brief regarding the case schedule requesting that the Court either: (a) hold the Patent Local Rules deadlines in abeyance while Judge Davila considers the motion to amend, or (b) adopt Demaray's proposed case schedule in ECF 116.  ECF 135 at 1.  Applied challenges Demaray's requests on the grounds that: (a) pausing the Patent Local Rules deadlines assumes that Judge Davila will grant Demaray's motion for leave amend, and (b) Demaray's proposed case schedule enables Demaray to further stall progress on the case.  ECF 139.

After considering the parties' arguments, the Court setting a case schedule that takes into account Judge Davila's consideration of Demaray's motion to amend is the most judicially efficient solution.  Any delay in case progress is outweighed by the burden of having to set a new case schedule should Judge Davila grant the motion.  Further, at this point, the parties' hearing on the motion to amend is next month, so delay is minimal.  *See* ECF 149.  Accordingly, the Court will issue a case schedule based on the parties' proposals that incorporates time for Judge Davila to rule on the motion to amend.

## VI. CONCLUSION

The Court now considers ECF 118, 123–125, 127, 128, 130, 131, 134, 135, and 139 RESOLVED.  A case scheduling order, resolving ECF 116, will be issued shortly. And ECF 120 will be resolved separately.  Any party may file a written objection with Judge Davila within fourteen days of being served with this order.  *See* Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

Dated: July 14, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4