UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br>Plaintiff, <br><br>v. <br><br>DEMARAY LLC, <br><br>Defendant. | Case No.   5:20-cv-09341-EJD <br><br>**ORDER GRANTING LEAVE TO FILE AMENDED ANSWER; DENYING MOTION FOR RELIEF** <br><br>Re: Dkt. Nos. 133, 161 |

On December 24, 2020, Plaintiff filed this case against Defendant, seeking a declaratory judgment that its stand-alone reactors did not infringe Defendant's Patents. *See* Complaint for Declaratory Judgment ("Compl."), Dkt. No. 1. On September 30, 2021, Defendant Demaray LLC filed an answer. *See* Dkt. No. 66. Defendant now moves to amend its Answer to add affirmative counterclaims for infringement of the '276 and '657 Patents. *See* Demaray LLC's Notice of Motion and Motion to Amend its Answer to Add Affirmative Counterclaims for Infringement ("Mot."), Dkt. No. 133. On March 23, 2022, Plaintiff Applied Materials, Inc., filed an opposition to this motion, to which Defendant filed a reply. *See* Plaintiff Applied Materials, Inc.'s Opposition to Demaray LLC's Motion to Amend its Answer ("Opp."), Dkt. No. 142; Demaray LLC's Reply Memorandum in Support of Motion to Amend its Answer to Add Affirmative Counterclaims for Infringement ("Reply"), Dkt. No. 144. Having considered the Parties' papers, the Court **GRANTS** Defendant's motion to amend.[1]

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

Case No.: 5:20-cv-09341-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWER; DENYING MOTION FOR RELIEF

1

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading by leave of court and that "[t]he court should freely give leave when justice so requires."[2] Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies this rule "with extreme liberality." *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'").

Under this liberal standard for granting leave to amend, the Ninth Circuit instructs courts to grant leave unless the amendment: "(1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, and (4) or is futile." *Doe I v. Cisco Sys., Inc.*, 2013 WL 527293, at *1 (N.D. Cal. Sept. 18, 2013) (citing *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1153 (9th Cir. 2011); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that "this determination should be performed with all inferences in favor of granting the motion").

These factors are not weighed evenly. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052. Of the four factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* The non-movant bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187.

## II. DISCUSSION

Defendant seeks to add affirmative counterclaims for infringement based upon Plaintiff's "third-party supplier's recent disclosures and [Defendant's] subsequent inspection and testing of the claimed narrow band rejection filter at [Plaintiff's] own supplier's facility." Mot. at 5. Defendant argues that leave is required because the case is in its early stages and thus any

---

[2] Because a court-issued deadline for amending pleadings has not been entered, Federal Rule of Civil Procedure 16's "good cause" standard does not apply.

prejudice is minimal. The Court agrees.

### A. Prejudice and Futility

Prejudice is the "most important factor." *Jackson v. Band of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Here, the Court finds that any prejudice would be minimal. The Court has yet to conduct a case management conference or enter a case schedule, see *infra*. Discovery is ongoing, and briefing on claim construction has not started, and will not begin for seven months. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2017 WL 3149297, at *3 (N.D. Cal. July 25, 2017) (noting that the "proposed amendments, while expanding the scope of discovery and of the case, hardly present new theories of liability that take [the defendant] by surprise"); *cf. Illumina Inc. v. BGI Genomics Co., Ltd.*, 2021 WL 428632, at *3 (N.D. Cal. Feb. 8, 2021) (finding no significant prejudice to the plaintiff by allowing the defendant to amend its answer when it requested to do so on the last possible day permitted under Rule 15). Further, the counterclaims that Defendant seeks to add are the mirror-image of Plaintiff's claims for declaratory judgment. Indeed, Plaintiff has known of Defendant's intent to add the counterclaims, should discovery support it, since the first Joint Case Management Statement. *See* Dkt. No. 27 at 6–7. Thus, the addition of the counterclaims can hardly be said to be a surprise.

Amendment does not appear to be futile. *See Hynix Semiconductor Inc.*, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("Courts rarely deny a motion for leave to amend for reason of futility. Indeed, before discovery is complete, as here, a proposed amendment is futile only if no set of facts can be proved under the amendment which would constitute a valid claim or defense."). In view of Rule 15(a)'s permissive standard, courts typically defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. *Id.* The Court finds that Defendant has met its burden of demonstrating that amendment is not futile.

Case No.: 5:20-cv-09341-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWER; DENYING MOTION FOR RELIEF

3

### B. Undue Delay and Bad Faith

Plaintiff spends most of its opposition arguing that Defendant has delayed seeking amendment in bad faith. Much of the dispute between the Parties focuses on recently received discovery, which Defendant claims it sought diligently for months. Problematically, much of Plaintiff's opposition focuses on the merits of Defendant's amendments. That is, whether the "recently received discovery" *actually* supports Defendant's counterclaims. This is properly viewed as a futility argument. However, because resolving this would require the Court to make factual determinations about the evidence—something better done at the motion to dismiss or summary judgment phase—the Court does not find that this is a proper basis to deny leave to amend. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Likewise, qualitative assessments like whether the prior Texas disclosures are sufficient is not something the Court can resolve at this early pleading stage. Further, the Court does not find that Defendant acted in bad faith or unduly delayed in seeking leave to amend. The basis for amendment came to fruition, and then Defendant sought leave to amend.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant leave to amend its Answer. Defendant must file the amended answer, attached as Exhibit 1 to its motion, within ten days of this Order. The Court also **ADOPTS** the schedule proposed by Judge Cousins, see Dkt. No. 156. While the Court appreciates Plaintiff's objection to the schedule, the Court will allow Defendant enough time to amend its answer and pursue its counterclaims. The Court thus **DENIES** Plaintiff's motion for relief, Dkt. No. 161.

**IT IS SO ORDERED.**

Dated: August 5, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-09341-EJD
ORDER GRANTING LEAVE TO FILE AMENDED ANSWER; DENYING MOTION FOR RELIEF

4