1

2

3

UNITED STATES DISTRICT COURT

4

NORTHERN DISTRICT OF CALIFORNIA

5

SAN JOSE DIVISION

6

7

8   APPLIED MATERIALS, INC.,

Plaintiff,

9

v.

10

DEMARAY LLC,

11

Defendant.

12

Case No.  5:20-cv-09341-EJD

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL**

Re: ECF Nos. 205, 206, 207, 208, 209, 210, 223, 256, 257, 275, 276, 288

13        Presently before the Court are Plaintiff Applied Materials, Inc.'s ("Applied") and

14   Defendant Demaray LLC's ("Demaray") administrative motions to file under seal documents in

15   connection with briefing on Applied's motion for summary judgment and claim construction.

16   ECF Nos. 205–10, 223, 256–57, 275–76, 288.  For the reasons that follow, the Court GRANTS IN

17   PART and DENIES IN PART the motions.

18   **I.    LEGAL STANDARD**

19        A party seeking to seal judicial records related to a dispositive motion, such as a motion for

20   summary judgment, must demonstrate that "compelling reasons" support its request.  *Uniloc USA,*

21   *Inc. v. Apple Inc.*, 25 F.4th 1018, 1022 (Fed. Cir. 2022) (citing *Kamakana v. City & Cnty. of*

22   *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  Compelling reasons include preventing the

23   release of trade secrets, *id.* (citing *Kamakana*, 447 F.3d at 1179), and keeping as private "sources

24   of business information that might harm a litigant's competitive standing."  *Nixon v. Warner*

25   *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  However, "[t]he mere fact that the production of

26   records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will

27   not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179.

28   Case No.: 5:20-cv-09341-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOTS. TO SEAL

United States District Court
Northern District of California

1   Courts in this District are split on whether the "compelling reasons" standard also applies

2   to requests to seal materials related to claim construction.  Some apply the "compelling reasons"

3   standard because "the court's construction of the terms of the patent claim is often critical to the

4   outcome of such a suit."  *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2017

5   WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (quoting *Miotox LLC v. Allergan, Inc.*, No.

6   214CV08723ODWPJWX, 2016 WL 3176557, at *1 (C.D. Cal. June 2, 2016)).  Others have

7   applied the lower "good cause" standard because claim construction is non-dispositive.  *Symantec*

8   *Corp. v. Acronis, Inc.*, No. 12-CV-05331-JST, 2013 WL 5913756, at *2 (N.D. Cal. Oct. 31, 2013).

9   However, subsequent to *Symantec*'s decision to apply the "good cause" standard, the Ninth Circuit

10   clarified that the choice of standard "does not merely depend on whether the motion is technically

11   'dispositive.'"  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

12   Rather, the choice "will turn on whether the motion is more than tangentially related to the merits

13   of a case."  *Id.*  As claim construction is "often critical to the outcome" of a patent suit,

14   *Synchronoss*, 2017 WL 11527607, at *2 (citation omitted), the Court will apply the "compelling

15   reasons" standard.

## II.   MOTIONS TO SEAL MATERIAL RELATED TO APPLIED'S MOTION FOR SUMMARY JUDGMENT (ECF NOS. 205–10)

18   The Court finds that much of the information sought to be sealed consists of confidential

19   product information or constitutes sensitive information about customer relationships.  There are

20   compelling reasons to seal such information because its public release may harm the competitive

21   standing of the parties and third parties who provided the information.

22   However, three categories of information sought to be sealed do not meet the high bar of

23   "compelling reasons."  First, the parties and non-parties who initially designated as confidential

24   certain information in the Joint Statement of Undisputed Facts as well as Exhibits 12, 15, 16, 25,

25   26, 31, and 39 to Applied's motion for summary judgment do not seek to maintain that

26   information under seal.  Second, Applied proposes certain redactions to its motion for summary

27   judgment and Exhibit 31 to that motion—namely, portions of those documents describing the

28   Case No.: 5:20-cv-09341-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOTS. TO SEAL

extent of discovery taken to date, and stale information regarding prior exposure to the patents-in-suit—solely because that information "may be interpreted to accuse Applied of wrongdoing that is not only untrue, but also may mislead the public . . . to believe that Applied has committed the alleged wrongdoing."  Pl.'s Admin. Mot. to Seal, ECF No. 210, at 1, 6.  In other words, Applied seeks to seal this information to avoid embarrassment, a justification that does not clear the bar for sealing.  *See Kamakana*, 447 F.3d at 1179.  Finally, Applied seeks to apply redactions to Exhibit 39 to its motion for summary judgment, a transcript of proceedings in open court.  Such proceedings are public, so sealing is not warranted.

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 210 | Applied's Motion for Summary Judgment<br><br>Proposed redactions covering Applied's confidential information at: 2:9; 2:11–12; 2:14–15; 6:9; 6:11–7:1; 7:7–8; 7:10–15; 7:17–28; 8:8–10; 8:13; 8:24–26; 9:12–13; 9:22–28; 10:4–7; 13:3–8; 13:12–15; 13:23–25; 14:5–8; 14:12; 14:17–20; 15:5–11; 15:14–17; 15:20–22; 16:5; 16:7–17:1; 17:10; 17:12–15; 17:23–25; 18:1–2; 18:15–16; 18:22; 19:5–12; 19:14–15; 19:17–20; 19:22–23; 19:25–28; 20:2–3; 20:12–14; 20:23–25; 21:2–3; 23:19–21; 23:25–26, Fns. 1, 5, 11–12. | ECF No. 210-1 | DENIED as to 2:9, 15:5, 23:25–26 because the proposed redactions cover legal arguments and do not include proprietary details of Applied's chambers.<br><br>DENIED as to 13:3–8, 13:12–13, 14:17–18 because there are no compelling reasons to seal general descriptions of discovery produced during litigation.<br><br>Otherwise GRANTED. |
| 207 | Applied's Motion for Summary Judgment<br><br>Proposed redactions covering Advanced Energy Industries, Inc's ("AEI") | ECF No. 231-1 | GRANTED. |

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | confidential information at: Pages 7–10, 15, 16–22. | | |
| 210 | Joint Statement of Undisputed Facts<br><br>Proposed redactions covering Applied's confidential information at: ¶¶ 12–15, 17–22 | ECF No. 210-1 | GRANTED. |
| 207 | Joint Statement of Undisputed Facts<br><br>Proposed redactions covering AEI's confidential information at: ¶¶ 14–18, 22 | ECF No. 231-1 | DENIED as to ¶¶ 14, 15, 17, 18, and the portion of ¶ 22 citing to Exhibit 12 because AEI does not seek to seal this material.<br><br>Otherwise GRANTED, including the portion of ¶ 22 citing to Exhibit 11. |
| 210 | Exhibit 1 to Applied's Motion for Summary Judgment (10/28/2022 Claim Chart for U.S. Patent No. 7,544,276 excerpt)<br><br>Proposed redactions covering Applied's confidential information at: Pages 1, 4, 23–25, 27–31. | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 2 to Applied's Motion for Summary Judgment (10/28/2022 Claim Chart for U.S. Patent No. 7,381,657 excerpt)<br><br>Proposed redactions covering Applied's confidential information at: 1, 4, 20–23 | ECF No. 210-1 | GRANTED. |
| 207 | Exhibit 11 to Applied's Motion for Summary Judgment (12/15/2022 Josh Pankratz deposition transcript excerpt) | ECF No. 231-1 | GRANTED. |

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 207 | Exhibit 12 to Applied's Motion for Summary Judgment (AMAT-DEM_0000431) | N/A | DENIED because AEI does not seek to seal this material. |
| 210 | Exhibit 13 to Applied's Motion for Summary Judgment (2/9/2021 Keith Miller deposition transcript excerpt)<br><br>Proposed redactions covering Applied's confidential information at: 97:1–2; 97:3–9; 97:11–14; 97:16; 97:18–21; 97:23–25; 101:1–8; 101:10–14; 101:16; 101:18–20; 101:22–102:6; 102:8–12; 102:14–16; 102:18–22; 102:24–103:21; 103:23–25; 138:6; 140:18–24; 141:8–12; 141:15–16; 141:22–142:14; 148:2–5; 148:7–16; 148:18; 148:20–24; 201:1–7; 201:10–16; 201:18–20; 201:22–25; 202:3–22; 203:5–6; 203:16–204:6; 204:9–20; 204:23–25 | ECF No. 210-1 | GRANTED. |
| 207 | Exhibit 13 to Applied's Motion for Summary Judgment (2/9/2021 Keith Miller deposition transcript excerpt)<br><br>Proposed redactions covering AEI's confidential information at: 138:13–15; 138:18–140:17; 140:25–141:7. | ECF No. 231-1 | GRANTED. |
| 207 | Exhibit 14 to Applied's Motion for Summary Judgment (AMAT-DEM_0002175) | ECF No. 231-1 | GRANTED. |
| 207 | Exhibit 15 to Applied's Motion for Summary Judgment (AE_000714) | N/A | DENIED because AEI does not seek to seal this material. |
| 210 | Exhibit 16 to Applied's Motion for Summary Judgment (10/7/2022 AMAT 2nd Suppl. Responses to Demaray 1st ROGs (1-10))<br><br>Proposed redactions covering Applied's confidential information at: 8:21–25; 10:14–27; 11:12–15; 11:18–23; 12:1- | ECF No. 210-1 | GRANTED. |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | 14:6, 14:9-17:1; 17:4-18:1; 18:3-20; 18:22-24; 19:1-20:18; 20:20-28; 21:6-9; 21:12-28:5; 28:7-8; 28:10-12; 28:18-22; 29:1-30:18; 30:20-21; 30:24-25; 31:2-3; 31:8-32:22; 32:25-26; 33:6-34:7; 34:9; 34:11-12; 34:17-35:2; 35:4-7; 35:10-11; 35:14; 35:16-36:22; 36:24-37:16; 37:20-38:12; 38:14-15; 38:17-19; 38:21-22; 38:27-39:3; 39:6-41:26; 42:1, fns. 1–6 | | |
| 207 | Exhibit 16 to Applied's Motion for Summary Judgment (10/7/2022 AMAT 2nd Suppl. Responses to Demaray 1st ROGs (1-10))<br><br>Proposed redactions covering Applied's confidential information at: 17:1–6. | N/A | DENIED because AEI does not seek to seal this material. |
| 208 | Exhibit 16 to Applied's Motion for Summary Judgment (10/7/2022 AMAT 2nd Suppl. Responses to Demaray 1st ROGs (1-10))<br><br>Proposed redactions covering Comet Technologies USA Inc.'s confidential information at: 17:1–15–18:1; 18:3–20. | ECF No. 238-1 | GRANTED. |
| 210 | Exhibit 17 to Applied's Motion for Summary Judgment (AMAT-DEM_0013168) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 18 to Applied's Motion for Summary Judgment (AMAT-DEM_0015437) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 19 to Applied's Motion for Summary Judgment (AMAT-DEM_0012054) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 20 to Applied's Motion for Summary Judgment (AMAT-DEM_0011890) | ECF No. 210-1 | GRANTED. |

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 210 | Exhibit 21 to Applied's Motion for Summary Judgment (AMAT-DEM_0011713) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 22 to Applied's Motion for Summary Judgment (AMAT-DEM_0015383) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 23 to Applied's Motion for Summary Judgment (AMAT-DEM_0015240) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 24 to Applied's Motion for Summary Judgment (AMAT-DEM_0015236) | ECF No. 210-1 | GRANTED. |
| 207 | Exhibit 25 to Applied's Motion for Summary Judgment (AMAT-DEM_0000187) | N/A | DENIED because AEI does not seek to seal this material. |
| 207 | Exhibit 26 to Applied's Motion for Summary Judgment (AMAT-DEM_NDCA_00003951) | N/A | DENIED because AEI does not seek to seal this material. |
| 209 | Exhibit 27 to Applied's Motion for Summary Judgment (1/5/2023 William Krupke deposition transcript excerpt)  Proposed redactions covering Demaray's confidential material at: 86:18; 86:22–23; 87:23–24; 88:5–6. | ECF No. 236 | GRANTED. |
| 209 | Exhibit 28 to Applied's Motion for Summary Judgment (3/20/2023–3/21/2023 Ernest Demaray rough deposition transcript excerpt) | ECF No. 236 | GRANTED. |
| 210 | Exhibit 29 to Applied's Motion for Summary Judgment (1/4/2023 Demaray 2nd Am. Final Infringement Contentions [Samsung]) | ECF No. 210-1 | GRANTED. |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | Proposed redactions covering Applied's confidential information at: Ex. A at 5; Ex. B at 4. | | |
| 206 | Exhibit 29 to Applied's Motion for Summary Judgment (1/4/2023 Demaray 2nd Am. Final Infringement Contentions [Samsung])<br><br>Proposed redactions covering Samsung's confidential information at: Exhibit A, Pages 4–5, and Exhibit B, Page 4 | ECF No. 234-1 | GRANTED. |
| 210 | Exhibit 30 to Applied's Motion for Summary Judgment (2/9/2023 Demaray's Third Am. Final Infringement Contentions [Intel])<br><br>Proposed redactions covering Applied's confidential information at: Ex. A at 5; Ex. B at 4. | ECF No. 210-1 | GRANTED. |
| 205 | Exhibit 30 to Applied's Motion for Summary Judgment (2/9/2023 Demaray's Third Am. Final Infringement Contentions [Intel])<br><br>Proposed redactions covering Intel's confidential information at: Exhibit A, Page 5, and Exhibit B, Page 4 | ECF No. 235-1 | GRANTED. |
| 210 | Exhibit 31 to Applied's Motion for Summary Judgment (10/28/2022 Demaray's Infringement Contentions [Applied])<br><br>Proposed redactions covering Applied's confidential information at: 3:26–27, 4:5, 7:27, 8:17, 8:26–27; 9:21–22; 10:17–18; 12:16–18; 13:12–13; 13:15–18; 13:20–22. | ECF No. 210-1 | DENIED as to 12:16–18 because there are no compelling reasons to seal stale information.<br><br>Otherwise GRANTED. |
| 209 | Exhibit 31 to Applied's Motion for Summary Judgment (10/28/2022 | N/A | DENIED because Demaray does not |

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | Demaray's Infringement Contentions [Applied]) <br><br> Proposed redactions covering Demaray's confidential information at: Page 12 | | seek to seal this material. |
| 210 | Exhibit 33 to Applied's Motion for Summary Judgment (AMAT-DEM_0002517) | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 34 to Applied's Motion for Summary Judgment (2/23/2023 Miller Declaration ISO Motion for Summary Judgment) <br><br> Proposed redactions covering Applied's confidential information at: 1:15-16, 1:18–28; 2:1–8; 2:15–3:3 | ECF No. 210-1 | GRANTED. |
| 207 | Exhibit 34 to Applied's Motion for Summary Judgment (2/23/2023 Miller Declaration ISO Motion for Summary Judgment) <br><br> Proposed redactions covering AEI's confidential information at: 2:2; 2:6–7; 2:9–15. | ECF No. 231-1 | GRANTED. |
| 210 | Exhibit 35 to Applied's Motion for Summary Judgment (AMAT-DEM_0004787) <br><br> Proposed redactions covering Applied's confidential information at: ¶¶ 3–12 | ECF No. 210-1 | GRANTED. |
| 210 | Exhibit 36 to Applied's Motion for Summary Judgment (AMAT-DEM_0013168) <br><br> Proposed redactions covering Applied's confidential information at: ¶¶ 3–8 | ECF No. 210-1 | GRANTED. |

Case No.: 5:20-cv-09341-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOTS. TO SEAL

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 210 | Exhibit 39 to Applied's Motion for Summary Judgment (8/9/2022 D. Colo. Hearing Transcript Demaray v. Advanced Energy)<br><br>Proposed redactions covering Applied's confidential information at: 8:1–3 | ECF No. 210-1 | DENIED because the statements were made in open court. |
| 207 | Exhibit 39 to Applied's Motion for Summary Judgment (8/9/2022 D. Colo. Hearing Transcript Demaray v. Advanced Energy)<br><br>Proposed redactions covering AEI's confidential information at: 8:19–20; 8:24; 9:15–16; 18:15–17; 21:14–17. | N/A | DENIED because the statements were made in open court and AEI does not seek to seal this material. |
| 207 | Exhibit 40 to Applied's Motion for Summary Judgment (AMAT-DEM_0022222) | ECF No. 231-1 | GRANTED. |
| 210 | Exhibit 41 to Applied's Motion for Summary Judgment (AMAT-DEM_0025315) | ECF No. 210-1 | GRANTED. |

## III.   MOTIONS TO SEAL MATERIAL RELATED TO DEMARAY'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (ECF NOS. 256–57)

The Court again finds that much of the information sought to be sealed consists of confidential product information and that there are compelling reasons to seal such information because public release of such information may harm the competitive standing of the parties and third parties who provided the information.  Nonetheless, the sealing of several documents is not justified at this point because, *inter alia*, the proposed sealing is not narrowly tailored, the proposed sealing covers general scientific principles rather than proprietary information, or the proposed sealing discusses discovery efforts without revealing proprietary information.

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 256 | Demaray's Opposition to Motion for Summary Judgment<br><br>Proposed redactions covering Applied's confidential information at: 1–3, 5, 8–12, 13, 16–21, 23–24 | ECF No. 267-1 | DENIED as to 1:16–18, 8 n.7, 17:20–21, 18:5, 18:7–9, 23:17 because the proposed redactions cover attorney argument, not proprietary details of Applied's chambers.<br><br>DENIED as to 8:21–25, 9:1–10:2, 20:17–22, 20:24–26 because it appears that these lines discuss the general science of PVD chambers and the proposed redactions are not narrowly tailored to Applied's proprietary technology. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions.<br><br>DENIED as to 2:9, 2:13, 13:26–27, 17:12–13, 17:23–24, 20:10–14, 23:13, 23:15–16, 23:23–24, 23:26, 24:2–24 because there are no compelling reasons to seal general descriptions of discovery efforts and the proposed |

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | | | redactions are not narrowly tailored to Applied's proprietary technology. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions.<br><br>Otherwise GRANTED. |
| 257 | Demaray's Opposition to Motion for Summary Judgment<br><br>Proposed redactions covering AEI's confidential information at: 10–11, 15–17, 23 | ECF No. 266-1 | DENIED as to the proposed redactions on page 17 because descriptions of preparation for a deposition are not proprietary information satisfying the "compelling reasons" standard.<br><br>DENIED as to 23:8–9, 23:11 because there are no compelling reasons to seal general descriptions of discovery efforts.<br><br>Otherwise GRANTED. |
| 256 | Ex. 6 to Demaray's Opposition to Motion for Summary Judgment (2022-10-07 AMAT Responses to Demaray 1st RFIs (1-2)) | ECF No. 267-1 | DENIED because sealing of the entire document is not narrowly tailored to protect Applied's proprietary information. Applied may |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | | | renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 256 | Ex. 7 to Demaray's Opposition to Motion for Summary Judgment (2/24/2023 email between counsel) | ECF No. 267-1 | DENIED because sealing of the entire document is not narrowly tailored to protect Applied's proprietary information. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 256 | Ex. 10 to Demaray's Opposition to Motion for Summary Judgment (10/28/2022 Claim Chart for U.S. Patent No. 7,544,276 excerpt) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 11 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM-SC_000004) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 12 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0028695) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 13 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0000431) | ECF No. 267-1 | DENIED because this is AEI's document, not Applied's document, and AEI does not seek to seal this document. |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 257 | Ex. 13 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0000431) | N/A | DENIED because AEI does not seek to seal this document. |
| 256 | Ex. 14 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0002175) | ECF No. 267-1 | This is an AEI document, so Applied is not entitled to seek sealing of the document. However, AEI also sought sealing, and that request is GRANTED. |
| 257 | Ex. 14 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0002175) | ECF No. 266-1 | GRANTED. |
| 256 | Ex. 15 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0002218) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 16 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0011751) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 17 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022194) | ECF No. 267-1 | This is an AEI document, so Applied is not entitled to seek sealing of the document. However, AEI also sought sealing, and that request is GRANTED. |
| 257 | Ex. 17 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022194) | ECF No. 266-1 | GRANTED. |
| 256 | Ex. 18 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022222) | ECF No. 267-1 | This is an AEI document, so Applied is not entitled to seek sealing of the |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | | | document. However, AEI also sought sealing, and that request is GRANTED. |
| 257 | Ex. 18 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022222) | ECF No. 266-1 | GRANTED. |
| 256 | Ex. 19 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022763) | ECF No. 267-1 | DENIED because this document appears to contain a third party's confidential information, not Applied's confidential information, and that third party has not sought sealing. |
| 256 | Ex. 20 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0028604) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 21 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0031685) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 22 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0071308) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 23 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_NDCA_00008102) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 24 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_NDCA_00009649) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 25 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0015240) | ECF No. 267-1 | GRANTED. |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | | | |
| 256 | Ex. 26 to Demaray's Opposition to Motion for Summary Judgment (AMAT-DEM_0022697) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 28 to Demaray's Opposition to Motion for Summary Judgment (3/16/2023 John Forster deposition transcript excerpt) | ECF No. 267-1 | DENIED because the sealing request is not narrowly tailored, and the substantive deposition testimony appears to discuss the general science of PVD chambers rather than Applied's proprietary technology. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 257 | Ex. 29 to Demaray's Opposition to Motion for Summary Judgment ((12/15/2022 Josh Pankratz deposition transcript excerpt) | ECF No. 266-1 | DENIED because the sealing request is not narrowly tailored.  AEI may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 256 | Ex. 30 to Demaray's Opposition to Motion for Summary Judgment (2/9/2021 Keith Miller deposition transcript excerpt) | ECF No. 267-1 | GRANTED. |
| 256 | Ex. 31 to Demaray's Opposition to Motion for Summary Judgment (3/23/2023 Keith Miller deposition | ECF No. 267-1 | DENIED because the sealing request is not narrowly tailored.  Applied |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | transcript excerpt) | | may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 256 | Ex. 32 to Demaray's Opposition to Motion for Summary Judgment (4/24/2023 Giapis Declaration) | ECF No. 267-1 | DENIED because the sealing request is not narrowly tailored.  Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 256 | Ex. 35 to Demaray's Opposition to Motion for Summary Judgment (4/11/2023 Ken Smyth deposition excerpt) | ECF No. 267-1 | DENIED because the sealing request is not narrowly tailored, and the substantive deposition testimony appears to discuss the general science of PVD chambers rather than Applied's proprietary technology. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |

IV.     **MOTIONS TO SEAL MATERIALS RELATED TO APPLIED'S REPLY IN**
        **SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF NOS. 275–76)**

While much of Applied's Reply is sealable, attorney argument characterizing the claims at issue and the prior art are not.  Likewise, as noted above, general descriptions of discovery efforts that do not reveal proprietary information are not sealable.  Finally, excerpts from the transcript of the *Markman* hearing in this case are not sealable because the hearing was open to the public, and neither party requested redactions of the transcript within five days of the filing of the transcript. *See* ECF No. 265.

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 275 | Applied's Reply ISO Motion for Summary Judgment<br><br>Proposed redactions covering Applied's confidential information redacted at: Table of Contents; 1:2–4; 1:6–7; 1:9–12; 1:15–16; 1:24; 1:26; 2:9–10; 2:13–15; 2:21–26; 3:1; 3:3–4; 3:11–14; 3:21–26; 4:2–3; 5:13–18; 6:6–7; 6:23–28; 7:2–8; 7:10–13; 7:15–17; 7:19–28; 8:1–28; 9:1–7; 9:12–27; 10:1–28; 11:1–17; 11:19; 11:21–28; 12:1; 12:3–5; 12:8–12; 12:17–18; 13:14; 13:22–24; 14:5; 14:8–9; 15:1–4; 15:6; 15:8–18; 15:24–27; fn.3. | ECF No. 275-1 | DENIED as to Table of Contents IV.A, 2:9–10, 2:26, 3:13–14, 3:22–24, 4:2–3, 5:13–14, 5:16–17, 6:6–7, 6:27–28, 7:2, 7:5–6, Page 7 Subheading IV.A, 7:16–17, 8:2–3, 8:9–10, 9:18, 11:14–15, 11:14–15, 11:21, 12:4–5, 12:17, 15:17, 15:26–27 because the proposed redactions cover attorney argument and do not include proprietary details of Applied's chambers.<br><br>DENIED as to 12:17, 13:22–24, 14:5, 14:8–9 because the proposed redactions cover attorney argument regarding prior art, not proprietary details of |

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| | | | Applied's chambers.<br><br>DENIED as to 8:16, 11:9–10, 11:16, 15:3–4, 15:6, 15:12–14 15:15 because there are no compelling reasons to seal general descriptions of discovery taken or requested.<br><br>Otherwise GRANTED. |
| 276 | Applied's Reply ISO Motion for Summary Judgment<br><br>Proposed redactions covering AEI's confidential information redacted at: 2:11–12, 3:5–11. | ECF No. 283-1 | GRANTED. |
| 275 | Exhibit 1 to Reply ISO Motion for Summary Judgment (excerpts of *Markman* Hearing Transcript, dated April 26, 2023) | ECF No. 275-1 | DENIED because the *Markman* hearing was open to the public, and the parties did not request redaction of the hearing transcript within five days of the filing of the transcript. |

V.    **MOTION TO SEAL MATERIAL RELATED TO DEMARAY'S SUR-REPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT (ECF NO. 288)**

The Court finds that sealing is warranted for Demaray's sur-reply, except to the extent that the proposed redactions cover pure attorney argument. However, the requests to seal the entirety of Exhibits 42 and 43 are not narrowly tailored and therefore denied.

United States District Court
Northern District of California

| Motion (ECF No.) | Document or Portion of Documents Sought to be Sealed | Supporting Evidence | Order |
|---|---|---|---|
| 288 | Demaray's Sur-Reply in Opposition to Motion for Summary Judgment<br><br>Proposed redactions covering Applied's confidential information redacted at: 1:2–3, 1:5–6, 1:17–22, 2:1, 2:6–7, 2:26–27, 3:26–28, 4:1–11, 4:15–17, 4:19–28, 5:1–5, 5:7–8, 7:14–17, 7:19–24. | ECF No. 300-1 | DENIED as to 5:4–5, 7:17 because the proposed redactions cover legal arguments and do not include proprietary details of Applied's chambers.<br><br>Otherwise GRANTED. |
| 288 | Exhibit 42 to Demaray's Sur-Reply in Opposition to Motion for Summary Judgment (Proposed Amended Infringement Contentions) | ECF No. 300-1 | DENIED because sealing of the entire document is not narrowly tailored to protect Applied's proprietary information. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |
| 288 | Exhibit 43 to Demaray's Sur-Reply in Opposition to Motion for Summary Judgment (Proposed Amended Infringement Contentions) | ECF No. 300-1 | DENIED because sealing of the entire document is not narrowly tailored to protect Applied's proprietary information. Applied may renew its request for sealing if it identifies specific proprietary information and proposes narrowly tailored redactions. |

United States District Court
Northern District of California

1

## VI.   MOTION TO SEAL MATERIAL RELATED TO APPLIED'S RESPONSIVE

2

### CLAIM CONSTRUCTION BRIEF (ECF NO. 223)

3

Applied seeks to redact two excerpts of claim charts attached to its responsive claim

4

construction brief as Exhibits 13 and 14.  The Court finds that the proposed redactions are

5

narrowly tailored to proprietary technical details about Applied's chambers and that compelling

6

reasons exist for sealing.  Accordingly, the Court GRANTS Applied's motion.

7

## VII.   CONCLUSION

8

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the

9

parties' motions to seal, without prejudice.  Any party or non-party wishing to renew any sealing

10

request shall file a **single motion** addressing all such documents discussed in this Order for which

11

it seeks to renew its request.  Such motions must be filed by **July 14, 2023**.

12

If no such motions are filed by that deadline, the parties shall file public versions of

13

documents for which the Court denied sealing by **July 19, 2023**.  They shall be filed so that all

14

documents related to a brief are attached to a **single docket entry**.  For example, there shall be a

15

single docket entry containing the motion for summary judgment and supporting exhibits, and a

16

separate docket entry for the opposition and supporting exhibits.

17

If any party or non-party files a motion renewing its sealing requests, the parties shall wait

18

to file public versions of documents until all sealing requests regarding the documents discussed in

19

this Order are finally resolved.

20

**IT IS SO ORDERED.**

21

Dated: July 7, 2023

22

23

EDWARD J. DAVILA
United States District Judge

24

25

26

27

28

Case No.: 5:20-cv-09341-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOTS. TO SEAL
21

United States District Court
Northern District of California