KIRKLAND & ELLIS LLP
Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN 301962)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400

Sharre Lotfollahi (SBN 258913)
sharre.lotfollahi@kirkland.com
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200

Leslie Schmidt (admitted *pro hac vice*)
leslie.schmidt@kirkland.com
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800

Kat Li (admitted *pro hac vice*)
kat.li@kirkland.com
401 Congress Ave.
Austin, TX 78701
Telephone: (512) 678-9100

Attorneys for Plaintiff and Counterclaim
Defendants, APPLIED MATERIALS,
INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

APPLIED MATERIALS, INC.,

    Plaintiff and Counterclaim Defendant,

vs.

DEMARAY LLC,

    Defendant and Counterclaim Plaintiff,

———————————————————

AND RELATED COUNTERCLAIMS.

CASE NO. 5:20-cv-09341-EJD

**PLAINTIFF AND COUNTERCLAIM
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Honorable Edward J. Davila Magistrate
Judge Nathanael Cousins

**PUBLIC VERSION - REDACTED**

## TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................. 2

    A.   The Samsung Case ................................................................................... 2

        1.   Background of the Samsung Case ............................................... 2
        2.   Applied's Extensive Role in the Samsung Case ......................... 5

    B.   The Present Action .................................................................................. 6

III.  LEGAL STANDARD ............................................................................................ 7

IV.   ARGUMENT ......................................................................................................... 7

    A.   Claim Preclusion Prevents Demaray from Re-Litigating that Applied's
        Accused Chambers Infringe Demaray's Patents ..................................... 7

        1.   The Claims in the Samsung Case and the Claims in the Present
            Action are the Same. ................................................................... 8
        2.   The Parties in Both Actions are the Same for Purposes of Claim
            Preclusion Because Applied was in Privity with Samsung ................ 10

    B.   Issue Preclusion Prevents Demaray From Re-Litigating That
        Applied's Accused Chambers Infringe Demaray's Patents ...................... 12

        1.   Demaray Had a Full and Fair Opportunity to Litigate the
            Infringement Issues and the Samsung Case was Decided on the
            Merits ......................................................................................... 13
        2.   The Jury Decided that Applied's Chambers Do Not Infringe
            Demaray's Patents ..................................................................... 13
        3.   The Jury Actually and Necessarily Decided that Applied's
            Chambers Do Not Infringe Demaray's Patents ...................... 16

V.    CONCLUSION ..................................................................................................... 18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Acumed LLC v. Stryker Corp.*,
5
    525 F.3d 1319 (Fed. Cir. 2008).................................................................. 9

6

*Amadeo v. Principal Mut. Life Ins. Co.*,
7
    290 F.3d 1152 (9th Cir. 2002).................................................................. 8

8

*Ashe v. Swenson*,
    397 U.S. 436 (1970) ....................................................................... 16, 17

9

*Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*,
10
    853 F.2d 1557 (Fed. Cir. 1988).................................................................. 7

11

*Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*,
    950 F.3d 610 (9th Cir. 2020).................................................................. 13

12

13

*Cath. Soc. Servs., Inc. v. I.N.S.*,
    232 F.3d 1139 (9th Cir. 2000)................................................................ 16

14

*Celotex Corp. v. Catrett*,
15
    477 U.S. 317 (1986) ............................................................................... 7

16

*Collins v. D.R. Horton, Inc.*,
    505 F.3d 874 (9th Cir. 2007).................................................................. 5

17

18

*Dana v. E.S. Originals, Inc.*,
    342 F.3d 1320 (Fed. Cir. 2003)........................................................... 1, 14

19

*Davis Wright Jones v. Natl. Union Fire*,
20
    709 F. Supp. 196 (W.D. Wash. 1989)...................................................... 13

21

*Demaray LLC v. Intel Corp.*,
    No. 6:20-cv-634 (W.D. Tex.), Dkt. Dkt. 313 ........................................... 16

22

*Demaray LLC v. Samsung Electronics Co., Ltd.*,
23
    No. 6:20-cv-636 (W.D. Tex.), Dkt. 526.............................................*passim*

24

*In re Diamond*,
25
    285 F.3d 822 (9th Cir. 2002).................................................................. 13

26

*General Foods v. Mass. Dep't of Pub. Health*,
    648 F.2d 784 (1st Cir.1981) .................................................................. 11

27

28

*Google LLC v. Hammond Dev. Int'l*,
    54 F.4th 1377 (Fed. Cir. 2022)............................................................... 15

*In re Gottheiner*,
    703 F.2d 1136 (9th Cir. 1983)..............................................................................12

*Headwaters Inc. v. U.S. Forest Serv.*,
    399 F.3d 1047 (9th Cir. 2005)..............................................................................10

*Henley v. U.S. Bancorp*,
    No. 3:19-cv-00985-AC, 2020 WL 1038086 (D. Or. Jan. 21, 2020), *rec.*
    *adopted*, 2020 WL 1033537 (D. Or. Mar. 2, 2020) ............................................10

*Howard v. City of Coos Bay*,
    871 F.3d 1032 (9th Cir. 2017)..............................................................13, 14, 16

*Intel Corp. v. U.S. Int'l Trade Comm'n*,
    946 F.2d 821 (Fed. Cir. 1991)..............................................................................10

*Janjua v. Neufeld*,
    933 F.3d 1061 (9th Cir. 2019)..............................................................................16

*Kamilche Co. v. United States*,
    53 F.3d 1059 (9th Cir. 1995)................................................................................16

*Lanphere Enterprises, Inc. v. Koorknob Enterprises, LLC*,
    145 F. App'x 589 (9th Cir. 2005) .........................................................................10

*Media Rights Techs., Inc. v. Microsoft Corp.*,
    922 F.3d 1014 (9th Cir. 2019)..............................................................................12

*Montana v. U.S.*,
    440 U.S. 147 (1979) ..............................................................................................14

*Nystrom v. Trex Co.*,
    580 F.3d 1281 (Fed. Cir. 2009)............................................................................10

*O'Reilly v. Malon*,
    747 F.2d 820 (1st Cir. 1984) ................................................................................13

*Ohio Willow Wood Co. v. Alps S., LLC*,
    735 F.3d 1333 (Fed. Cir. 2013)............................................................................14

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001)..................................................................................8

*Owens v. Trammell*,
    792 F.3d 1234 (10th Cir. 2015)............................................................................17

*Paulo v. Holder*,
    669 F.3d 911 (9th Cir. 2011)................................................................................14

*PersonalWeb Techs. v. Patreon, Inc. (In re PersonalWeb Techs.)*,
   961 F.3d 1365 (Fed. Cir. 2020) ........................................................................... 9, 10

*Robi v. Five Platters, Inc.*,
   918 F.2d 1439 (9th Cir. 1990) .................................................................................. 7

*Senju Pharmaceutical Co. v. Apotex Inc.*,
   746 F.3d 1344 (Fed. Cir. 2014) ................................................................................ 9

*Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC*,
   778 F.3d 1311 (Fed. Cir. 2015) .............................................................................. 15

*SpeedTrack, Inc. v. Off. Depot, Inc.*,
   No. C 07-3602 PJH, 2014 WL 1813292 (N.D. Cal. May 6, 2014),
   *aff'd*, 791 F.3d 1317 (Fed. Cir. 2015) .................................................................... 10

*Springs v. First National Bank of Cut Bank*,
   835 F.2d 1293 (9th Cir. 1988) ........................................................................... 7, 14

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
   322 F.3d 1064 (9th Cir. 2003) ................................................................................ 12

*Taylor v. Sturgell*,
   553 U.S. 880 (2008) ........................................................................................... 11, 12

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
   474 F.3d 1298 (Fed. Cir. 2007) ................................................................................ 9

*United States v. Barragan-Cepeda*,
   29 F.3d 1378 (9th Cir. 1994) .................................................................................. 17

*United States v. Schimmels*,
   127 F.3d 875 (9th Cir. 1997) .................................................................................. 12

*W. Radio Servs. Co. v. Glickman*,
   123 F.3d 1189 (9th Cir. 1997) ........................................................................... 8, 10

*Westinghouse Elec. Corp. v. Gen. Cir. Breaker & Elec. Supply Inc.*,
   106 F.3d 894 (9th Cir. 1997) .................................................................................. 16

**Statutes**

35 U.S.C. § 271 ............................................................................................................ 15

**Rules**

Fed. R. Civ. P. 56(c) ..................................................................................................... 7

Fed. R. Civ. P. 59 .......................................................................................................... 5

**Other Authorities**

Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982) .......................................... 14, 15

Restatement (Second) of Judgments § 39(c) (1982) .................................................................... 11

1

## <u>NOTICE OF MOTION</u>

2

3      PLEASE TAKE NOTICE THAT Plaintiff and Counterclaim Defendant Applied Materials,

4  Inc. ("Applied" or "Plaintiff"), is moving for summary judgment that Applied's Cirrus and Avenir

5  Chambers (the "Accused Chambers") do not infringe U.S. Patent Nos. 7,544,276 ("'276 Patent")

6  and 7,381,657 ("'657 Patent"), with a hearing for the motion set on June __, 2024 at 9:00 a.m. or

7  as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward J. Davila,

8  United States District Judge for the Northern District of California located at 280 South 1st Street,

9  San Jose, CA 95113.  This motion is based upon this notice of motion, the supporting memorandum

10  of points and authorities, all pleadings and papers on file in this action, and upon such other matters

11  as may be properly presented to the Court.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

The Court should grant summary judgment of non-infringement based on claim and issue preclusion.  Earlier this year, in a case against Applied's customer, Samsung, a Texas jury found that Applied's Accused Chambers do not infringe the same patents Demaray asserts here—U.S. Patent Nos. 7,544,276 and 7,381,657—either literally or under the doctrine of equivalents ("DOE").  *See Demaray LLC v. Samsung Electronics Co., Ltd*., No. 6:20-cv-636 (W.D. Tex.), Dkt. 526 (the "Samsung case").  The jury unambiguously rejected Demaray's arguments to the contrary, and the Court entered judgment for Samsung.

Undeterred by the jury's verdict, Demaray seeks a second bite at the apple here.  But Demaray cannot relitigate its claims that Applied's Accused Chambers infringe the asserted patents for two reasons.  First, claim preclusion applies.  Demaray asserts the exact same patents and claims here as it did in the Samsung case, against the exact same accused products, with the exact same evidence.  And although the jury's verdict was in connection with the suit between Samsung and Demaray, Applied was in privity with Samsung.  Applied is the manufacturer of the Accused Chambers and was heavily involved and invested in the Samsung case from its inception through trial.  The Samsung trial centered on Applied's Accused Chambers (as the subject of the suit), Applied's employees (as fact witnesses), and Applied's internal documents (as evidence).  Even Demaray's experts admitted the allegations of infringement were directed at Applied.  Furthermore, Applied has an indemnification agreement with Samsung for its use of the Accused Chambers, which meant Applied paid for and had the right to control Samsung's defense. Demaray's counsel made this point at trial, noting that Applied had a "stake" in the outcome of the case.  Ex. 1, Tr. 741:18-742:3, 743:11-14.

Second, issue preclusion applies.  The Samsung case and this one "involve the same patent, the same accused products, and the same argument."  *Dana v. E.S. Originals, Inc*., 342 F.3d 1320, 1325 (Fed. Cir. 2003).  Demaray lost the Samsung case: there is no dispute that the jury reached a final judgment on the merits—one which *must* have found that Applied's chambers did not literally infringe or infringe under DOE.  Indeed, the jury notes confirm that the jury necessarily decided those infringement issues.

In short: the Samsung case and this one involve the same Accused Chambers, same patents, same arguments, and (at least for claim preclusion purposes) the same parties. For that reason, they should end the same, and the Court should enter judgment for Applied on Demaray's remaining claims and dispose of Demaray's suit.[1]

## II.    FACTUAL BACKGROUND

As this Court knows, Demaray previously sued Applied's customer Samsung for its allegedly infringing use of Applied's chambers. *E.g.*, *First Amended Complaint*, Dkt. 13, Ex. A ¶¶ 22, 25, 47; Ex. B ¶¶ 25, 28, 50; *see also* Ex. 2, Demaray Third Amended Final 657 Patent Chart at 3, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (August 15, 2023); Ex. 1, Tr. 45:4-8; 1414:5-13. The only products Demaray ultimately accused were Applied's Cirrus and Avenir chambers. Ex. 2, Demaray Third Amended Final 657 Patent Chart at 4, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (August 15, 2023); Ex. 3, Expert Report of Konstantinos P. Giapis at 66, ¶ 230, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (August 29, 2023); Ex. 1, Tr. 45:4-8; 1414:5-13.

So too in this suit. As this Court noted, "Demaray 'could just as easily have asserted a claim for direct infringement against [Applied], based on the same underlying circumstances in the customer suit.'" *Order Granting in Part and Denying in Part Defendants Motion to Dismiss*, Dkt. 63 at 14. In this case, Demaray has asserted infringement claims regarding the same Cirrus and Avenir chambers. Ex. 4, Expert Report of Konstantinos P. Giapis at 3, ¶ 13 (February 2, 2024).

### A.    The Samsung Case

#### 1.    Background of the Samsung Case

In the Samsung case, Demaray sued Applied's customer Samsung in the Western District of Texas for its allegedly infringing use of Applied's chambers. The Samsung case involved nearly

---

[1]    The Court held that the Applied's Cirrus chambers do not literally infringe the patents because they do not use a pulsed DC power supply. *Order Granting in Part and Denying in Part Motion for Summary Judgment*, Dkt. 413 at 9. But it denied Applied's request for summary judgment that Demaray could not assert infringement under DOE. *Id.*

four years of extensive discovery, Deoras Decl. ¶ 3, and ultimately proceeded to a five-day jury trial in February 2024 and a judgment on the merits.  At trial, Demaray asserted that Applied's Cirrus and Avenir chambers literally infringed its patents and infringed under DOE.  *E.g.*, Ex. 1, Tr. 32:22-35:4; 1414:5-13.  Demaray's experts walked, step-by-step, through how the Cirrus and Avenir chambers allegedly practiced the '276 and '657 Patents.  *E.g.*, Ex. 1, Tr. at 399:15-400:1; 400:25-402:2; 402:3-15; 402:16-413:23, 416:4-421:5, 487:9-489:6.   There were two primary factual disputes at trial: whether the Accused Chambers had (1) a "pulsed DC power supply" and (2) a "narrow band rejection filter," as required by the asserted claims.  Ex. 1, Tr. 56:15-20 (Defense's opening statement) ("[W]e're going to focus on two pieces of them because they're not in the Applied Materials chambers, and that's the requirement that there be something called a pulsed DC power supply and the requirement that there be something called a narrow band-rejection filter"); 402:16-423:23; 1377:16-1381:14 (Plaintiff's closing statement) (noting that "there are two disputes": the first over a "pulsed DC power supply" and the second over a "narrow band-rejection filter"); 1385:12-15; 1400:7-15.

Demaray asserted that Applied's chambers used pulsed DC power under literal and DOE theories because the power supplies allegedly provided oscillating positive and negative voltages to the target during arc suppression.  *E.g.*, Ex. 1, Tr. 404:10-405:1; 410:12–24.  As to DOE, Demaray attempted to establish that Applied's chambers performed the pulsed DC power requirements in substantially the same function.  *E.g.*, Ex. 1, Tr. 417:20-418:4; 420:19-421:5; *see also* Tr. 416:4-421:5; 487:9-489:6.  Samsung refuted Demaray's contentions, demonstrating that the continuous DC power supplies in the accused chambers never supplied positive voltages.  Ex. 1, Tr. 463:1-465:5; 714:12-18; 786:4-787:23; 846:15-849:23; 887:7-890:5; 933:6-19; Ex. 12, DTX-119 at 119.126.  Samsung also put on testimony that the voltages did not oscillate between positive and negative voltages.  Ex. 1, Tr. 727:2-9; 747:25-748:8; 766:23-767:10; 772:24-775:7; 896:14-900:10; 902:4-903:9.  In addition, Samsung provided testimony that the chambers did not practice the patents under DOE.  *See, e.g.*, Ex. 1, Tr. 147:3-149:7; 906:5-907:18; Ex. 25, DTX-1796.1.

Demaray also attempted to show at trial that Applied's Accused Chambers use a narrow band rejection filter.  *E.g.*, Ex. 1, Tr. 94:17-96:13; 114:11-17; 175:25-179:25; 179:20-180:20;

198:13-199:13; 200:2-6; 200:10-21; 266:12-293:11, 302:23-323:4, 323:10-327:17, 327:22-328:16, 328:20-328:24; 802:19-23; 833:10-834:25; 835:1-836:16; 856:1-10; 858:15-21; Ex.16, DTX 127. Samsung then put on its own evidence that Applied's chambers did not practice the patents because they use a low-pass filter (instead of a narrow-band rejection filter).  *E.g.*, Ex. 1, Tr. 198:13-23; 307:15-310:19; 827:5-828:6; 830:7-19; 919:22-920:18; Ex. 15, DTX 473.1.   Samsung also presented evidence that even if the Applied chambers had a narrow band filter (which it did not), it was in the wrong place – the DC power never passed through the filter to the target as required by the claims.  *E.g.*,'276 Patent at Cl. 1 ("a narrow band-rejection filter … coupled between the pulsed DC power supply and the target area");'657 Patent at Cl. 1 ("providing pulsed DC power to the target through a narrow band rejection filter"); Ex. 1, Tr. at 267:13-24; 352:18-353:4; 829:9-17; 921:15-924:4; 930:9-931:9.

   After both sides rested, the court submitted the case to the jury.  During its deliberations, the jury submitted several notes related to DOE to the judge asking for clarification.  The jury initially asked whether pulsed DC Power and continuous DC Power were the same under DOE. Ex. 5, Dkt. 519, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.  A little later in its deliberations, the jury sent another note that said deliberations remained at a standstill because "the jury does not agree on the infringement under the doctrine of equivalents." Ex. 6, Dkt. 521, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.   Finally, it asked for more information on DOE because there was "confusion" over how to apply it.  Ex. 7, Dkt. 525, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.   The jury did not ask questions on any other issue.

   The jury returned a verdict of non-infringement soon after submitting its final note and receiving further instructions from the court.  Ex. 8, Public Jury Verdict, Dkt. 526, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.   It concluded that, for both the Cirrus and Avenir chambers, Demaray had not proven by a preponderance of the evidence that Samsung infringed Demaray's '276 and '657 Patents either literally or under DOE.  *Id.*   The court entered judgment in Samsung's favor shortly thereafter. Ex. 9, Final Judgment, Dkt. 535, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.  Demaray has filed post-trial motions, and briefing

1    on the issues raised in those motions is ongoing.  *E.g.*, Ex. 10, Motion for New Trial under Federal

2    Rule of Civil Procedure 59, Dkt. 548, *Demaray LLC v. Samsung Electronics Co., Ltd*., No. 6:20-

3    cv-636.  That briefing does not affect the finality of the Texas court's judgment.  *See Collins v. D.R.*

4    *Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007).

5                              **2.      Applied's Extensive Role in the Samsung Case**

6              Although the trial was ostensibly between Samsung and Demaray, the trial focused on

7    Applied Materials because it was ***Applied's*** Cirrus and Avenir chambers accused of infringement

8    (***not*** any Samsung's products), and therefore featured substantial participation by Applied

9    Materials.[2] (Indeed, Demaray's experts conceded that only Applied's Cirrus and Avenir chambers

10   were accused of infringement, and no products made or sold by Samsung were accused whatsoever.

11   *E.g.*, Ex. 1, Tr. 448:21-449:3; 563:5-564:12.)    Accordingly, Applied Materials employees were

12   Samsung's primary fact witnesses.  Ex. 1, Tr. 698:16-699:14 (testimony of Tim Deane); Ex. 1, Tr.

13   748:23-749:8 (testimony of Keith Miller); Ex. 1, Tr. 809:7-811:18 (testimony of Carl Johnson).

14   They provided key testimony about the development and design of the Accused Chambers at

15   Applied, including technical information regarding the power supplies and filters used in the

16   Accused Chambers.  *E.g.*, Ex. 1, Tr. 702:6-703:18; 754:5-24.

17             Applied was also heavily involved in the Samsung case from its inception.  Tim Deane, vice

18   president and general manager of Applied Global Services acknowledged that Applied had a "stake"

19   in the outcome of the case for a number of reasons.  Ex. 1, Tr. 741:19-742:4.  The most obvious

20   reason was that the case turned on whether Applied's products infringed Demaray's patents.  *E.g.*,

21   *First Amended Complaint*, Dkt. 13, Ex. B at 7, 9, 16, 21.  Furthermore, Applied and Samsung also

22   share the same counsel, Kirkland & Ellis LLP, in their suits against Demaray.  *See* Deoras Decl.

23   ¶ 1.  But Deane noted that there was more: Samsung was one of Applied's biggest customers and,

24

25

26   [2]      Applied participated before the trial too. For example, Demaray sought extensive discovery
27   in the Texas case from Applied.  *Order Granting in Part and Denying in Part Defendants Motion*
     *to Dismiss*, Dkt. 63 at 10-11 ("Demaray has since sought discovery from Applied as part of its
28   WDTX Customer Cases").

1   more importantly, Applied had an indemnification obligation to Samsung and was paying for

2   Samsung's defense. *See generally* Ex. 11, AMAT-DEM_0012154. ████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

**B.    The Present Action**

13  A few months after Demaray sued Samsung for patent infringement based on its use of

14  Applied's chambers, Applied filed this action for a declaratory judgment that the same Applied

15  Cirrus and Avenir chambers do not infringe. *First Amended Complaint for Declaratory Judgment*,

16  Dkt. 13 at 1, ¶ 2. Demaray responded with infringement counterclaims against Applied.

17  *Demaray's Amended Answer, Affirmative Defenses, and Counterclaims to Complaint*, Dkt. 174 at

18  ¶¶ 23-25, 58-60. As in the Samsung case, Demaray asserted that the Applied Cirrus and Avenir

19  chambers practice the '276 and '657 Patents. *E.g.*, *Demaray Infringement Contentions*, Exhibit A,

20  Demaray '276 Claim Chart at 3; Ex. 4, Expert Report of Konstantinos P. Giapis at 3, ¶ 13 (February

21  2, 2024).

22  All asserted claims here, as in the Samsung case, require that the Accused Chambers use a

23  "puled DC power supply" and "narrow band rejection filter." *See Demaray's Amended Answer,*

24  *Affirmative Defenses, and Counterclaims to Complaint*, Dkt. 174 at 23-24, ¶¶ 45, 47-48, 68-71.

25  Applied disclosed significant evidence as part of discovery demonstrating that its chambers do not

26  use a pulsed DC power supply or provide pulsed DC power. *E.g.*, Applied's Objs. And Resps. To

27  Demaray's Interrogatories, Set Five at 10-14;; Ex. 12, AMAT-DEM_0000431; Ex. 13, J. Pankratz

28  Dec. 15, 2022 Dep. Tr. 182:20-22, 183:16-24, 246:2-9. It also disclosed evidence that the Accused

Chambers do not include a "narrow band rejection filter." *E.g.*, Ex. 14, AMAT_DEM_0002218 at -2336; Ex. 15, COMET0000027R; Ex. 16, AMAT-DEM_0002187 at -2188; Ex. 17, K. Smyth Apr. 11, 2023 Dep. Tr. 81:16-83:24, 117:3-118:9; Ex. 18, K. Miller Mar. 22, 2023 Dep. Tr. 25:1-23; Ex. 19, K. Miller Mar. 23, 2023 Dep. Tr. 420:19-421:24.   Demaray has contended otherwise by presenting the same infringement arguments, theories, and evidence relied upon in the Samsung trial using the same technical expert.   *See, e.g.*, Ex. 4, Expert Report of Konstantinos P. Giapis at 158-160 (February 2, 2024).   As just one example, Demaray's expert Dr. Giapis makes the same arguments in his expert report in this action that he did in trial in the Samsung case—namely, that the Applied chambers infringe because they allegedly provide positive and negative voltages to the target during arc suppression. *See id*.   The Texas jury rejected that argument and Demaray's other infringement positions.

### III.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   Although the Court must view the evidence in the light most favorable to the non-moving party, to establish existence of a "genuine" issue of fact, the non-movant "must do more than merely raise some doubt as to the existence of a fact; evidence must be forthcoming from the nonmovant which would be sufficient to require submission to the jury of the dispute over the fact." *Avia Group Int'l, Inc. v. L.A. Gear California, Inc*., 853 F.2d 1557, 1560 (Fed. Cir. 1988).

A summary judgment motion is the correct vehicle to raise issue and claim preclusion. *Robi v. Five Platters, Inc*., 918 F.2d 1439, 1441 (9th Cir. 1990).   Whether claim or issue preclusion applies is a mixed question of law and fact. *Springs v. First National Bank of Cut Bank*, 835 F.2d 1293, 1295 (9th Cir. 1988).

### IV.   ARGUMENT

#### A.   Claim Preclusion Prevents Demaray from Re-Litigating that Applied's Accused Chambers Infringe Demaray's Patents

Demaray is precluded from re-litigating whether Applied's chambers infringe the asserted patents because Demaray already sued Samsung—who was in privity with Applied during the litigation—on identical claims and lost.  Therefore, it may not bring the same claims here against Applied.  Claim preclusion bars a party in successive litigation from pursuing claims that "were raised or could have been raised in [a] prior action."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  The purpose of claim preclusion is "to promote judicial efficiency and the finality of judgments by requiring that all related claims be brought together or forfeited."  *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002).  For claim preclusion to apply, there must be an identity of claims, a final judgment on the merits, and identity or privity between parties.  *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).

Each of the requirements is satisfied here.  The court reached a final judgment on the merits.[3]  And there can be no doubt the claims are identical.  Demaray's claims in the Samsung case and here arose out of the same operative facts: *Applied's* alleged use of Demaray's patents in its Cirrus and Avenir chambers.  There is identity of parties too: Demaray was a party in the Samsung case and, although Applied was not a named party to the Samsung case, its indemnification relationship with Samsung establishes the necessary privity for claim preclusion to apply.  Moreover, the Samsung case centered on *Applied's* Cirrus and Avenir chambers, predominantly featured testimony from *Applied's* employees, and, as Demaray's counsel pointed out at trial, *Applied* had a large stake in the matter.  Because claim preclusion applies, the Court should grant summary judgment on Demaray's remaining claims.

### 1.    The Claims in the Samsung Case and the Claims in the Present Action are the Same.

To determine whether a claim for patent infringement is identical to a claim raised in other litigation, the Court must consider whether the claim "arises from the same transactional facts as a

---

[3]    As explained above, the Texas court reached a final judgment on the merits.  It did not resolve the case on any procedural or jurisdictional ground.  *See supra* Part IV(A)(1).

prior action" and whether the devices accused in both cases are "essentially the same." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1326 (Fed. Cir. 2008). "Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharmaceutical Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1305 (Fed. Cir. 2007) ("[T]his case concerns the same patent and the exact same devices that were the subject of the Bridgewood litigation").

The accused products here are "essentially the same." *Acumed LLC*, 525 F.3d at 1326. Two products are "essentially the same" where the differences between them are merely "colorable" or "unrelated to the limitations in the claim of the patent." *PersonalWeb Techs. v. Patreon, Inc. (In re PersonalWeb Techs.)*, 961 F.3d 1365, 1375 (Fed. Cir. 2020) (internal citation omitted). In the Samsung case, the accused chambers were Applied's Avenir and Cirrus chambers. Ex. 1, Tr. 45:4-8; 1414:6-13; Ex. 3, Expert Report of Konstantinos P. Giapis at 66, ¶ 230 (August 29, 2023), *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (W.D. Tex.). Here, Demaray claims, using the same expert as it did in the Samsung case, that the **same** two families of chambers infringe its patents. Ex. 4, Expert Report of Konstantinos P. Giapis at 3, ¶ 13 (February 2, 2024). While this litigation features a few more models from the same two chamber families[4] (since Samsung did not purchase every model of Cirrus and Avenir that Demaray accuses of infringement

---

[4] In the Samsung case, Demaray limited its claims to the Avenir and Cirrus family of Applied Materials chambers. Dkt. 255, *Demaray LLC's Opposition to Motion for Summary Judgment of Non-Infringement* at 3 n.4. Demaray's suit here focuses on the same two families of chambers. *See, e.g.*, Ex. 4, Expert Report of Konstantinos P. Giapis at 3 (February 2, 2024) ███████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ But in the Samsung case, there were fewer chambers within the same family at issue. *See, e.g.*, Ex. 3, Expert Report of Konstantinos P. Giapis at 66, ¶ 230 (August 29, 2023), *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (W.D. Tex.) ████████████

here), the additional chamber models do not have any material differences for purposes of infringement and Demaray has not contended otherwise. *See, e.g.*, *In re PersonalWeb Techs.*, 961 F.3d at 1375-76 (rejecting argument that different features in products in prior litigation and current litigation defeated claim preclusion); *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009) (holding claim preclusion applied where there were no "material differences" between products in prior suit and products in current suit despite the fact that products had different features). Indeed, the expert reports in both cases provide the same analysis and do not identify material differences between the models. *See* Ex. 4, Expert Report of Konstantinos P. Giapis ¶¶ 411-430, 463-467, 531-547 (February 2, 2024); Ex. 3, Expert Report of Konstantinos P. Giapis ¶¶ 491-537, 570-573 (August 29, 2023), *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (W.D. Tex.).

## 2. The Parties in Both Actions are the Same for Purposes of Claim Preclusion Because Applied was in Privity with Samsung

Claim preclusion requires identity of the parties, or that privity exists between the two parties. *W. Radio Servs.* at 1192. "[T]raditionally," privity "arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest[.]" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir. 2005). One of these relationships was an indemnitor-indemnitee relationship. *E.g.*, *SpeedTrack, Inc. v. Off. Depot, Inc.*, No. C 07-3602 PJH, 2014 WL 1813292, at *6 (N.D. Cal. May 6, 2014) ("Because [plaintiff] is contractually obligated to indemnify defendants for any losses stemming from a finding of infringement, the court finds that the parties are in privity"), *aff'd*, 791 F.3d 1317 (Fed. Cir. 2015); *Henley v. U.S. Bancorp*, No. 3:19-cv-00985-AC, 2020 WL 1038086, at *9 (D. Or. Jan. 21, 2020) (listing as an example of defendants in privity "indemnitors and indemnitees" (citation omitted)), *rec. adopted*, 2020 WL 1033537 (D. Or. Mar. 2, 2020); *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991) ("[A]n indemnification agreement . . . has alone been enough to find privity"); *see also Lanphere Enterprises, Inc. v. Koorknob Enterprises, LLC*, 145 F. App'x 589, 592 (9th Cir. 2005) (district court's finding of privity was not clearly erroneous where "Franchisees [Indemnitees sued in Suit B] likely could seek indemnity from Jiffy Lube [Indemnitor sued, and victorious, in suit A] for any liability resulting from the advertisements at issue").

1    The reason for this should be obvious: if one party is indemnifying the other in a suit, their

2    liability is tied to the outcome in the case.  As discussed above, there is no dispute that Applied

3    owes indemnity to Samsung in the prior litigation. *See generally* Ex. 11, AMAT-DEM_0012154.

4    ███████████████████████████████████████████████████████████████████

5    ███████████████████████████████████████████████████████████████████

6    ███████████████████████████████████████████████████████████████████

7    ██████████████████████████████    Indeed, even at trial in the Samsung case, Demaray sought to make this

8    point, noting to one of Applied's employees that if Samsung lost the case, Applied would have to

9    pay.  Ex. 1, Tr. 743:8-18.

10   The indemnification agreement also gave Applied control of the litigation.    *Taylor v.*

11   *Sturgell*, 553 U.S. 880, 895 (2008) (stating that party is bound by judgment where they "assume[d]

12   control" over the litigation). ████████████████████████████████████████████

13   ███████████████████████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████████████

16   ██████████████████████████; *Taylor*, 553 U.S. at 895; Restatement (Second) of Judgments § 39(c)

17   (1982) (stating that "[t]o have control of litigation requires that the person have effective choice as

18   to the legal theories and proofs to be advanced in behalf of the party to the action.");  *see also*

19   *General Foods v. Mass. Dep't of Pub. Health*, 648 F.2d 784, 789 (1st Cir.1981) (describing control

20   over litigation as the "power to determine what evidence and arguments should be offered in the

21   litigation . . .. ").

22   But privity extends beyond just indemnity and control here.  The whole trial in the Samsung

23   case revolved around Applied's products.  As noted above, Demaray's experts conceded that only

24   Applied's Cirrus and Avenir chambers were accused of infringement—none of Samsung's products

25   were accused of infringement.  *E.g.*, Ex. 1, Tr. 448:21-449:3; 563:5-564:12.    Accordingly, the

26   Samsung trial heavily featured and relied on several Applied employees who provided key facts

27   about the case.  Ex. 1, Tr. 698:16-699:14 (testimony of Tim Deane); Ex. 1, Tr. 748:23-749:8

28   (testimony of Keith Miller); Ex. 1, Tr. 809:7-811:18 (testimony of Carl Johnson).  There is no doubt

that Applied's interests in defeating Demaray's arguments were identical to Samsung's interest. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency,* 322 F.3d 1064, 1081 (9th Cir. 2003) ("[P]rivity may exist if 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" (citing *In re Gottheine*r, 703 F.2d 1136, 1140 (9th Cir. 1983)); *United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) ("[F]ederal courts will bind a non-party whose interests were represented adequately by a party in the original suit."). As Demaray itself pointed out at trial when questioning Applied employee Tim Deane, Applied had a "stake" in the outcome of the case. Ex. 1, Tr. 741:19-742:4 (Q: And you would agree that if Applied has to pay if Samsung loses, then Applied by definition has a stake in this matter, right? A. Yes. I agree with that."). For these reasons, the Court should hold that Samsung and Applied were in privity, and claim preclusion therefore applies to bar Demaray's remaining claims in this case.

### B.    Issue Preclusion Prevents Demaray From Re-Litigating That Applied's Accused Chambers Infringe Demaray's Patents

Demaray's suit here should be barred for a second reason: The jury verdict and judgment in the Samsung case already resolved the issue of whether Applied's Cirrus and Avenir chambers infringe Demaray's patents, and Demaray cannot re-litigate that issue here. Ex. 8, Public Jury Verdict, Dkt. 526, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636; Ex. 9, Final Judgment, Dkt. 535, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636. Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). This well-established doctrine protects "against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (alterations in original).

To establish issue preclusion, four requirements must be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was

1    necessary to decide the merits." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-41 (9th Cir.

2    2017) (internal citation omitted).  The circumstances here check each of those boxes.  The issue in

3    this case—whether the Applied Cirrus and Avenir chambers infringe the '276 and '657 patents—

4    has already been decided by a jury in a case Demaray had the opportunity to fully litigate. This

5    Court should thus preclude Demaray from re-litigating those issues and enter judgment that Applied

6    does not infringe.

7            **1.**      **Demaray Had a Full and Fair Opportunity to Litigate the**
8                          **Infringement Issues and the Samsung Case was Decided on the**
                      **Merits**

9           Demaray cannot seriously dispute it had the full and fair opportunity to litigate issues in the

10    Samsung litigation. After nearly ***four years*** of extensive discovery (including from Applied),[5] the

11    case proceeded to trial, where Demaray extensively litigated its claim that Applied's Cirrus and

12    Avenir chambers infringed its patents.  *E.g.*, *Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*,

13    950 F.3d 610, 639 (9th Cir. 2020) (holding that party had full and fair opportunity to dispute

14    relevant issues because "the plaintiff was able to raise as well as fully brief and argue the issue");

15    *see also O'Reilly v. Malon*, 747 F.2d 820, 823 (1st Cir. 1984) ("Mission had a full and fair

16    opportunity to litigate its claim before the jury.").  The jury verdict makes clear that the case was

17    ultimately disposed of on the merits, rather than on a procedural or jurisdictional ground.  *See* Ex.

18    8, Public Jury Verdict, Dkt. 526, *Demaray LLC v. Samsung Electronics Co., Ltd*., No. 6:20-cv-636;

19    Ex. 9, Final Judgment, Dkt. 535, *Demaray LLC v. Samsung Electronics Co., Ltd*., No. 6:20-cv-636;

20    *In re Diamond*, 285 F.3d 822, 827-28 (9th Cir. 2002) (applying issue preclusion after jury verdict);

21    *Davis Wright Jones v. Natl. Union Fire*, 709 F. Supp. 196, 201 (W.D. Wash. 1989) (noting that

22    jury verdict has preclusive effect until vacated).

23            **2.**      **The Jury Decided that Applied's Chambers Do Not Infringe**
24                          **Demaray's Patents**

25    ------------------------

26

27    [5]     Discovery in the Samsung case was substantial. For example, there were nearly eighty depositions and thirteen supplementations to its infringement contentions, in which Demaray

28    exhaustively alleged every possible infringement theory it could muster.  Deoras Decl. ¶ 3.

For issue preclusion to apply, the issue at stake in the prior proceeding must be the same as the one in the current proceeding. *Howard*, 871 F.3d at 1040-41; *Montana v. U.S.*, 440 U.S. 147, 155 (1979) (the court must determine "whether the issues presented . . . are in substance the same"). The Ninth Circuit typically applies the four-factor Restatement test to determine if the issues in the prior litigation and current litigation are the same, but the test is not applied "mechanistically." *See Howard*, 871 F.3d at 1041; Restatement (Second) of Judgments § 27 cmt. c (Am. Law Inst. 1982). The court asks:

> (1) is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? (2) does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding? (3) could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? (4) how closely related are the claims involved in the two proceedings?

*Howard*, 871 F.3d at 1041. Applying the factors here, there is no question that the issues in the Samsung case and the issues here are the same.

*First*, there is "substantial overlap" of arguments and evidence in both proceedings—in fact, the arguments and evidence are the *same*. In both cases, Demaray contends that Applied's Cirrus and Avenir chambers infringe its '276 and '657 patents. *Compare* Ex. 1, Tr. 32:22-35:4; 1414:6-13, *with Demaray's Amended Answer, Affirmative Defenses, and Counterclaims to Complaint*, Dkt. 174 at ¶¶ 23-25, 58-60. The arguments in both cases are also identical: here, Demaray asserts that Applied's Cirrus and Aveinr chambers have a pulsed DC power supply and a narrow band rejection filter according to the *exact same* infringement theories, arguments, and evidence that were considered and rejected by the Texas jury. *Compare* Ex. 1, Tr. 56 15-20, 1378:16-18, 1381:10-14, *with* Ex. 4, Expert Report of Konstantinos P. Giapis at 158-160 (February 2, 2024). In short: the two cases "involve the same patent, the same accused products, and the same argument." *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1325 (Fed. Cir. 2003); *see also Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).[6]

---

[6]    Even if Demaray had brought new arguments, that would not defeat issue preclusion. *See Paulo v. Holder,* 669 F.3d 911, 918 (9th Cir. 2011) ("If a party could avoid issue

It makes no difference that the Samsung litigation involved different claim constructions for the claimed "narrow band-rejection filter." *Compare* Ex. 20, Claim Construction Order at 3, Dkt. 121, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636 (construing NBRF to have its "plain-and-ordinary meaning"), *with* Dkt. 268 at 7 (construing NBRF to mean a "filter that rejects a narrow band of frequencies, including the RF bias power frequency, and passes all other frequencies."). "It is well established that patent claims need not be identical for collateral estoppel to apply." *See Google LLC v. Hammond Dev. Int'l*, 54 F.4th 1377, 1381 (Fed. Cir. 2022); *Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC*, 778 F.3d 1311, 1319 (Fed. Cir. 2015) (holding that "[c]omplete identity of claims is not required"). Indeed, any differences in language are superficial, Demaray's expert's testimony in the Samsung case suggest that there is little daylight between the constructions. Ex. 1, Tr. at 300:23-301:4, 309:3-9 *see Google LLC*, 54 F.4th at 1381 (noting that slight difference in language of claims did not "materially alter" dispositive question of patentability); *Soverain Software LLC*, 778 F.3d at 1319.

**Second**, Demaray filed suit for infringement under 35 U.S.C. § 271 in both cases, so the rule of law is the same. *Compare First Amended Complaint*, Dkt. 13, Ex. B at ¶¶ 25, 28 50, *with Demaray's Amended Answer, Affirmative Defenses, and Counterclaims to Complaint*, Dkt. 174 at ¶¶ 23-25, 58-60.

**Third**, Demaray sought extensive discovery from Applied regarding the Cirrus and Avenir chambers in the Samsung case, and that same discovery is relevant and relied upon in this case. Ex. 21, *Order Granting in Part and Denying in Part Defendants Motion to Dismiss*, Dkt. 63 at 10-11 ("Demaray has since sought discovery from Applied as part of its WDTX Customer Cases"); *see e.g.*, Ex. 12, AMAT-DEM_0000431; Ex. 14, AMAT_DEM_0002218 at -2336; Ex. 16, AMAT-DEM_0002187 at -2188. Indeed, the parties agreed to a cross-use agreement such that Applied's

---

preclusion by finding some argument it failed to raise in the previous litigation, the bar on successive litigation would be seriously undermined."); Restatement (Second) of Judgments § 27.

1    productions in each litigation were deemed produced in the other.  Ex. 22, *Demaray LLC v. Intel*

2    *Corp.*, No. 6:20-cv-634 (W.D. Tex.), Dkt.  Dkt. 313 at 2-3.

3        **Fourth**, as explained above, *supra* Section A(1), the claims here and in the Samsung case

4    are identical.  *See infra*; *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995) ("In

5    *Simpson I*, the United States argued that the State owned the property within the Foreman and

6    Gilcrest boundaries. Here, the United States' contention is the same: the State owned the property

7    between these lines.").  The Court should therefore hold that the issues are the same.

8                **3.    The Jury Actually and Necessarily Decided that Applied's
                        Chambers Do Not Infringe Demaray's Patents**

9

10       Issue preclusion also requires that the issue was actually litigated and decided.  *Howar*, 871

11   F.3d at 1040, 1041; *Cath. Soc. Servs., Inc. v. I.N.S.*, 232 F.3d 1139, 1152 (9th Cir. 2000) ("Issue

12   preclusion is appropriate where a court has actually and necessarily decided an issue in earlier

13   litigation between the same parties").  The issue must have been "raised, contested, or submitted

14   for determination." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019).  Courts answer that

15   question by considering "the judgment, pleadings, and evidence" in the first case to determine

16   "whether rational jurors must necessarily have determined the issue as to which estoppel is sought."

17   *Westinghouse Elec. Corp. v. Gen. Cir. Breaker & Elec. Supply Inc.*, 106 F.3d 894, 901 (9th Cir.

18   1997).  The Court may consider any "relevant matter," *Ashe v. Swenson*, 397 U.S. 436, 444 (1970),

19   and should review the record practically, in a "non-restrictive" way, with a "eye to all the

20   circumstances of the proceedings." *Id.* (quotation omitted).

21       The record here is clear that the jury rested its verdict on a finding that Applied's chambers

22   do not practice Demaray's patents.  The issue of whether Applied's Cirrus and Avenir chambers

23   infringe the patents was disputed throughout the trial.  *E.g.*, Ex. 1, Tr. 42:9-12 ("The [Applied

24   Materials] reactors are also called chambers that are actually accused of infringement here");

25   1414:6-13 (Plaintiff's closing argument) (arguing that the jury should find the Cirrus chambers and

26   Avenir chambers infringe the '276 Patent and the '657 Patents).  In their opening and closing

27   statements, both sides made clear that the case boiled down to two main issues: whether Applied's

28   Cirrus and Avenir chambers had (1) pulsed DC power and (2) a narrow band-rejection filter.  Ex.

1, Tr. 56:15-20 (Defense opening statement) ("[W]e're going to focus on two pieces of them because they're not in the Applied Materials chambers, and that's the requirement that there be something called a pulsed DC power supply and the requirement that there be something called a narrow band-rejection filter"); 1378:16-18; 1381:10-14 (Plaintiff's closing statement) (noting that "there are two disputes": the first over a "pulsed DC power supply" and the second over a "narrow band-rejection filter."); 1385:12-15; 1400:7-15.  Discussion of these issues dominated the trial. *E.g.,* Ex. 1, Tr. at 94:17-96:13; 114:11-17; 175:25-179:25; 180:1-20; 198:13-199:13; 200:2-6; 200:10-21; 266:14-293:11.  Even in their opening and closing statements both sides almost ***exclusively*** discussed these issues.  *See* Tr. 23:9-40:18 (Plaintiff's opening statement); 40:20-64:25 (Defense's opening statement); 1372:22-1383:20; 1407:22-1415:17 (Plaintiff's closing statement); 1383:22-1407:20 (Defense's closing statement).  The issue of infringement was charged in the jury instructions and submitted to the jury. Ex. 23, Court's Charge Instructions to Jury, Dkt. 515 at 29-32, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.  And the verdict indicates that the jury found that the Cirrus and Avenir chambers do not literally infringe or do not infringe under DOE.  Ex. 8, Public Jury Verdict, Dkt. 526, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636.

To the extent Demaray contends the jury could have theoretically decided the case on alternative grounds, the juror notes make clear that the jury's verdict was based on finding that Applied's chambers do not meet the claim requirements either literally or under DOE.  The Court should consider all "relevant" material, in determining the grounds on which the jury rested its verdict.  *Ashe*, 397 U.S. at 444.  That includes juror notes.  *See Owens v. Trammell*, 792 F.3d 1234, 1245 (10th Cir. 2015) (juror notes were "convincing evidence" of grounds on which it rested its verdict even if there was some uncertainty with this approach); *see also United States v. Barragan-Cepeda*, 29 F.3d 1378, 1381 (9th Cir. 1994) (permitting use of jury affidavits to understand verdict).  The jury asked three questions about DOE, indicating that they found no literal infringement of the pulsed DC power limitations and were then analyzing infringement under DOE.  Ex. 5, Dkt. 519, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636; Ex. 6, Dkt. 521, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-cv-636; Ex. 24, Dkt. 523, *Demaray LLC v. Samsung*

1  *Electronics Co., Ltd.*, No. 6:20-cv-636.  After the jury expressed some confusion over DOE, the

2  court directed the jury to the instructions regarding infringement, and the jury returned a verdict of

3  non-infringement shortly thereafter.  Ex. 6, Dkt. 521, *Demaray LLC v. Samsung Electronics Co.,*

4  *Ltd.*, No. 6:20-cv-636; Ex. 24, Dkt. 523, *Demaray LLC v. Samsung Electronics Co., Ltd.*, No. 6:20-

5  cv-636.  Were there any doubt about the issues the Samsung jury resolved, these notes and the

6  sequence of events dispel them.

7      **V.    CONCLUSION**

8      Applied respectfully asks for the Court to grant its motion for summary judgment that

9  Demaray's claims in this case are barred by claim and issue preclusion.

1    DATED:  May 6, 2024                       Respectfully submitted,

2

3                                       By:  */s/ Akshay S. Deoras*
                                    KIRKLAND & ELLIS LLP
                                    Adam R. Alper (SBN 196834)

4                                     adam.alper@kirkland.com
                                    Akshay S. Deoras (SBN 301962)

5                                     akshay.deoras@kirkland.com
                                    555 California Street

6                                     San Francisco, CA 94104
                                    Telephone: (415) 439-1400

7

8                                     Michael W. De Vries (SBN 211001)
                                    michael.devries@kirkland.com

9                                     555 South Flower Street, Suite 3700
                                    Los Angeles, CA 90071

10                                    Telephone: (213) 680-8400

11                                     Sharre Lotfollahi (SBN 258913)
                                    sharre.lotfollahi@kirkland.com

12                                     2049 Century Park East
                                    Los Angeles, CA 90067

13                                    Telephone: (310) 552-4200

14                                    Leslie Schmidt (admitted *pro hac vice*)
                                    leslie.schmidt@kirkland.com

15                                    601 Lexington Ave.
                                    New York, NY 10022

16                                    Telephone: (212) 446-4800

17                                    Kat Li (admitted *pro hac vice*)
                                    kat.li@kirkland.com

18                                    401 Congress Ave.
                                    Austin, TX 78701

19                                    Telephone: (512) 678-9100

20                                    Attorneys for Plaintiff and Counterclaim
                                    Defendants, Applied Materials, Inc.

21

22

23

24

25

26

27

28

---

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT          19          Case No. 5:20-cv-09341-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing sealed documents via electronic mail and publicly filed documents via Court's CM/ECF System on May 6, 2023.

 */s/ Akshay S. Deoras*
Akshay S. Deoras