UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMARAY LLC,<br><br>    Defendant. | Case No. 5:20-cv-09341-EJD<br><br>**ORDER DENYING LEAVE TO FILE ADDITIONAL SUMMARY JUDGMENT MOTION**<br><br>Re: ECF Nos. 522, 536 |

During a status conference held on August 7, 2025, Plaintiff Applied Materials, Inc. ("Applied") requested leave to file a third motion for summary judgment regarding non-infringement of the accused Avenir Titanium Nitride ("Avenir TiN") and Cirrus chambers. ECF No. 519. The Court ordered the parties to file briefing regarding Applied's request for leave. Applied filed its letter brief on August 13, 2025, and Defendant Demaray LLC ("Demaray") filed an opposition on August 15, 2025. Applied Brief, ECF No. 522; Demaray Opp., ECF No. 525. At that time, the deadline for filing summary judgment motions was soon approaching. *See* ECF No. 498 (setting summary judgment motion deadline for August 20, 2025). The day of the deadline, Applied filed a motion to extend the summary judgment deadline to three business days following the Court's order granting Applied's request for leave. ECF No. 536. The Court now addresses Applied's request.

Each party may only file one motion for summary judgment unless otherwise permitted by the Court. Standing Order for Civil Cases Section V.A.1. Here, Applied seeks to file a third summary judgment motion and argues that this additional motion is necessary before trial to resolve two issues that arose after the Court ruled on Applied's previous two summary judgment

Case No.: 5:20-cv-09341-EJD
ORDER DENYING REQUEST FOR LEAVE

1

motions. *See* ECF Nos. 204 (Applied's first motion for summary judgment), 431 (Applied's second motion for summary judgment). As explained below, neither of the justifications Applied proffers establishes good cause for a third summary judgment motion.

*First*, Applied argues that the judgment of non-infringement of the '276 patent for the Avenir chambers in the Samsung case precludes Demaray's '657 patent infringement allegations against the Avenir TiN. Applied Brief at 4. In its Order on Applied's prior motion for summary judgment that raised the preclusion issue, the Court held that "the only claims that are precluded in this case are Demaray's claims against those Avenir chambers for which Demaray raised a § 271(a) theory of infringement" in the Samsung suit. ECF No. 483 at 19. The parties do not dispute that the only Avenir chamber for which Demaray raised a § 271(a) theory of infringement in the Samsung suit was the Avenir Titanium, which is no longer accused here. Even so, Applied claims that the preclusive effect of the Court's Order should extend to Avenir TiN because "[t]he accused Avenir chambers are the same, the disputed claim limitations and infringement arguments are the same, and the applicable rule of law is the same." Applied Brief at 3. Without reaching the merits of that argument, the Court finds that Applied had the opportunity to raise the issue earlier. In fact, Applied's previous summary judgment motion did seek to preclude all models of Avenir chambers at issue in this case. *See* ECF No. 432-3 at 16–17 ("While this litigation features a few more models from the [Avenir and Cirrus] chamber families . . . the additional chamber models do not have any material differences for purposes of infringement . . . ."). The Court mostly rejected this argument and only found issue preclusion as to Avenir Titanium. Applied's argument to extend the reach of that Order is not good cause for another summary judgment motion at this late stage of the litigation.

*Second*, Applied contends that facts that only became available after the Court ruled on Applied' prior summary judgment motion show that Demaray's infringement theory under the Doctrine of Equivalents ("DOE") fails as a matter of law. Applied Brief at 4–5. Applied claims that these new facts warrant another summary judgment motion. The Court disagrees. Applied had the opportunity to challenge Demaray's DOE theory of infringement earlier. And in fact, it

Case No.: 5:20-cv-09341-EJD
ORDER DENYING REQUEST FOR LEAVE

2

did. Applied moved for summary judgment of non-infringement as to the Cirrus chambers in March 2023 (ECF No. 204), and the Court denied Applied's motion (ECF No. 413). Later, Applied moved to strike portions of Dr. Giapis' expert report related to Demaray's DOE infringement theory, and the Court ordered Applied to brief the issue with the parties' upcoming *Daubert* motions. ECF No. 512. Given that Applied strategically chose to file an early summary judgment motion, the discovery of new facts and evidence after the Court's ruling does not constitute good cause to reconsider that decision. The Court is cognizant that Applied's proposed motion could narrow the issues for trial and capture efficiencies. But with the increasing demands of other matters to be addressed before trial begins in January 2026 (including the parties' recently-filed *Daubert* motions, ECF Nos. 546, 527), litigating a third summary judgment motion would likely disrupt the current schedule.

For the foregoing reasons, the Court **DENIES** Applied's request for leave to file a third motion for summary judgment and **DENIES AS MOOT** Applied's motion to extend the summary judgment deadline.

**IT IS SO ORDERED.**

Dated: September 9, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-09341-EJD
ORDER DENYING REQUEST FOR LEAVE
3