KIRKLAND & ELLIS LLP
Adam R. Alper (SBN: 196834)
adam.alper@kirkland.com
Akshay Sunil Deoras (SBN: 301962)
akshay.deoras@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Michael W. De Vries (SBN: 211001)
michael.devries@kirkland.com
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: (714) 982-8822

Sharre Lotfollahi (SBN: 258913)
sharre.lotfollahi@kirkland.com
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200

Leslie Schmidt (admitted *pro hac vice*)
leslie.schmidt@kirkland.com
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800

Kat Li (admitted *pro hac vice*)
kat.li@kirkland.com
401 W. 4th Street, Suite 4000
Austin, TX 78701
Telephone: (512) 678-9050

*Attorneys for Plaintiff and Counterclaim Defendant, Applied Materials, Inc.*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MATERIALS, INC., | CASE NO. 5:20-cv-09341-EJD |
| Plaintiff and Counterclaim Defendant, | **APPLIED'S MOTION IN LIMINE #4: EXCLUDE EVIDENCE FROM *INTER PARTES* REVIEW** |
| vs. | |
| DEMARAY LLC, | Honorable Edward J. Davila |
| Defendant and Counterclaim Plaintiff. | |
| AND RELATED COUNTERCLAIMS. | |

## I.   INTRODUCTION

Demaray should be precluded from relying on evidence, testimony, or argument concerning the *inter partes* review ("IPR") proceedings regarding U.S. Patent Nos. 7,381,657 (the "'657 Patent") and 7,544,276 (the "'276 Patent") (collectively, the "Asserted Patents"). Any potential probative value is greatly outweighed by the substantial risk in the circumstances presented here that the jury improperly substitutes its judgment on validity issues for the PTAB's findings (which it should not do as a matter of law) and incorrectly views Applied as attempting to improperly retry validity in this Court (which Applied is permitted to do as a matter of law).  As such, introduction of the IPRs is unnecessary, and would create substantial unfair prejudice by confusing the issues, misleading the jury, and wasting time.

## II.   BACKGROUND

Applied filed IPR petitions regarding the Asserted Patents on October 23, 2020, asserting that certain patents and printed publications invalidated the asserted claims.  The Patent Trial and Appeal Board ("PTAB") ultimately concluded that the petitioner had not shown by a preponderance of the evidence that the claims of the '657 or '276 patents were invalid as obvious.  *See Applied Materials, Inc. v. Demaray LLC*, IPR2021-00103, Paper No. 52 (P.T.A.B. Jun. 29, 2022); *Applied Materials, Inc. v. Demaray LLC*, IPR2021-00104, Paper No. 54 (P.T.A.B. Jun. 29, 2022).  Demaray has indicated that it intends to elicit testimony regarding these IPR proceedings at trial for the purpose of rebutting Applied's invalidity and willfulness defenses. *See, e.g.*, Ex. 1 (Excerpted Giapis Op. Rpt.) ¶¶ 304, 759.

## III.   LEGAL STANDARD

The Federal Rules of Evidence bar the introduction of irrelevant evidence. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Additionally, federal courts may exclude relevant evidence when "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV. ARGUMENT

Evidence, testimony, or argument concerning the IPR proceedings related to the Asserted Patents should be excluded. Any minimal probative value of the IPR proceedings is far outweighed by the prejudice, "jury confusion and wasting of time and resources" that would result from their inclusion; as such, courts routinely preclude parties from introducing this type of evidence. *Vaporstream, Inc. v. Snap Inc.*, No. 217CV00220MLHKSX, 2020 WL 978731, at *8 (C.D. Cal. Feb. 28, 2020) (excluding "evidence or argument relating to the *inter partes* review petitions for the patents-in-suit, and any activity at the PTAB related to [the] petitions" as it would "likely consume a significant amount of time and potentially lead to jury confusion over the invalidity issue"); *see also Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2020 WL 13180008, at *9 (N.D. Cal. June 5, 2020) (holding that "any probative value that evidence of post-grant proceedings might have on the validity of the Asserted Patents is outweighed by the complexity involved in giving the jury the full context of PTO proceedings and would pose a significant risk of confusion of the issues and waste of time"); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2016 WL 824711, at *2 (N.D. Cal. Mar. 2, 2016) (granting plaintiff's motion "to exclude evidence regarding patent reexamination and inter partes review proceedings concerning the patents in suit"); *Milwaukee Electric Tool Corporation v. Snap-On Incorporated*, No. 14-CV-1296-JPS, 2017 WL 4570787, at *5-*7 (E.D. Wis. Oct. 12, 2017) (granting motion *in limine* to "broadly exclude evidence related to [] IPR proceedings and reexaminations" that would culminate in "a waste of time that [would] confuse the jury as to the standards applicable in [that] case and mislead them into unnecessarily deferring to the PTAB on validity matters"); *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. CV 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) (finding the PTAB's decisions to be "of marginal relevance" and that their probative value was "greatly outweighed by the expenditure of time that would be required to give the jury the full context necessary to fairly evaluate the evidence"). Indeed, before trial in the *Demaray v. Samsung* litigation, the Court issued a *sua sponte* order preventing either party from introducing "evidence, testimony, or argument concerning the Patent Trial Appeal Board, *inter partes* review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court."

*Demaray LLC v. Samsung Elecs. Co.*, No. W-20-CV-00636-ADA, Dkt. 412 at *6.  Demaray has not challenged that order, and there is no reason to deviate from that decision here.

The risk of prejudice, jury confusion, and waste of resources is particularly acute here.  If Demaray is permitted to introduce the IPRs in the circumstances presented here, there is a substantial risk that the jury will take the PTAB's rulings for granted and hold it against Applied for raising invalidity again in this proceeding (even though Applied is, as a matter of law, entitled to do so).  And while those common juror reactions to IPR evidence in these types of circumstances are incorrect, it will be difficult or impossible for Applied to unwind them, and at a minimum unnecessarily take up substantial amounts of time at trial, diverting the jury from its obligations—*e.g.,* to adjudicate infringement and validity based on the facts before it (and not what another tribunal has concluded).

Specifically, by statute, Applied could not raise anything other than "patents and printed publications" as invalidity grounds in its IPR petitions.  35 U.S.C. §§ 311(b).  Here, by contrast, as explained in detail in Applied's response to Demaray's *Daubert* motion regarding IPR estoppel, Applied is **only** asserting prior art **system** invalidity grounds.  Dkt. 551 at 13-21.  Thus, the PTAB did not (and could not) consider any of the prior art grounds that are at issue in the present case.  Allowing the introduction of IPR evidence to rebut Applied's invalidity argument poses a substantial risk of confusing the jury and prejudicing Applied,  as the jury may be inclined to believe that, because the Asserted Patents were not invalidated during the IPRs, they should be found valid here—despite the fact that the PTAB never heard the invalidity arguments or even saw the system art that Applied intends to present at trial. *See Milwaukee Elec. Tool Corp.* 2017 WL 4570787, at *6 ("[A]dmitting evidence of the IPRs is likely to mislead the jury into believing that because the patents-in-suit have survived many attacks, they must be valid against the present attacks.").  And it will require that Applied spend valuable trial time explaining the legal intricacies of why it did not cite system prior art in its petition to the PTAB.  Introducing this evidence for purposes of willfulness would likewise be highly prejudicial and misleading because Applied's awareness of the patents at the time of the IPRs is undisputed, and Applied does not intend to rely on its IPR arguments in support of its willfulness defense, but instead will explain that it had a good-faith

belief of noninfringement that precludes any willfulness finding. There is therefore no relevant reason to introduce the IPRs for purposes of willfulness, and certainly not one that outweighs the extreme prejudice to Applied in these circumstances.

This Court's recent decision in *Carl Zeiss X-ray Microscopy, Inc. v. Sigray, Inc.*, 5:21-cv-01129-EJD, ECF No. 361, at 4 (N.D. Cal. Jul. 6, 2025), is not to the contrary. There, the Court had determined that the defendant Sigray had infringed certain claims of the asserted patents, leaving "willfulness and damages" as "the only patent issues for the jury." *Id.*, ECF No. 313 at 6; *see also id.*, ECF No. 389, "Joint [Proposed] Final Jury Instructions." The Court ultimately permitted the defendant Sigray to introduce evidence concerning post-grant proceedings in support of its willfulness defense. *Id.*, ECF No. 297. The facts of this case are wholly unlike those of *Carl Zeiss*. **First**, in *Carl Zeiss*, invalidity was not an issue for the jury to determine (thus the defendant had no invalidity argument to present). Here, invalidity remains a central issue for the jury, and introduction of IPR proceedings would be highly prejudicial and confusing. Moreover, as explained above, Applied intends to offer invalidity theories here that it **could not have** asserted during the relevant IPRs and as such the IPR proceedings have no bearing on Applied's invalidity case here. **Second**, Applied does not intend to rely on any post-grant proceedings in support of its willfulness defense. Instead, Applied's willfulness defense is based on its longstanding good faith belief that it does not infringe the Asserted Patents. As a result, evidence of the IPR proceedings has no probative value, and should be excluded.

## V.   CONCLUSION

Applied respectfully requests that the Court preclude any evidence, testimony, or argument concerning the IPR proceedings related to the Asserted Patents.

DATED: November 18, 2025

Respectfully submitted,

By: /s/ *Akshay S. Deoras*

KIRKLAND & ELLIS LLP
Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Akshay S. Deoras (SBN 301962)
akshay.deoras@kirkland.com
Kyle A. Calhoun
kyle.calhoun@kirkland.com
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
695 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (714) 982-8822

Sharre Lotfollahi (SBN 258913)
sharre.lotfollahi@kirkland.com
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200

Leslie Schmidt (admitted *pro hac vice*)
leslie.schmidt@kirkland.com
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800

Kat Li (admitted *pro hac vice*)
kat.li@kirkland.com
401 W. 4th Street, Suite 4000
Austin, TX 78701
Telephone: (512) 678-9050

Greg Polins (admitted pro hac vice)
greg.polins@kirkland.com
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for Plaintiff and Counterclaim Defendant, Applied Materials, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

                                                    /s/ *Akshay S. Deoras*
                                                  Akshay S. Deoras